FILED
2022 Feb-18 PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EPHAN MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| ) | JURY TRIAL DEMANDED |
| JOSEPH BINDER, CORDARO ) | |
| MELTON, and GEOFFREY ) | |
| GRIFFIN, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff, Ephan Moore, by and through undersigned counsel, and alleges the following:

## PRELIMINARY STATEMENT

Plaintiff, Ephan Moore, is presently in the custody of the Alabama Department of Corrections ("ADOC"), housed at Kilby Correctional Facility. This is an action to seek redress for the violation of Mr. Moore's constitutionally protected right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution.

1

## PARTIES

1. **Plaintiff Ephan Moore** ("Plaintiff") is a citizen of the United States, a citizen of the State of Alabama, and is over 19 years of age. Plaintiff is currently in custody of the ADOC, housed at Kilby Correctional Facility. At the time of the incidents that form the basis of this suit, Plaintiff was housed at Donaldson Correctional Facility.

2. **Defendant Joseph Binder** ("Binder") is a citizen of the United States, a citizen of the State of Alabama, and is over 19 years of age. At the time of the unlawful beatings of Plaintiff, Defendant Binder was employed by the ADOC as a correctional officer at Donaldson Correctional Facility.

3. **Defendant Cordaro Melton** ("Melton") is a citizen of the United States, a citizen of the State of Alabama, and is over 19 years of age. At the time of the unlawful beatings of Plaintiff, Defendant Melton was employed by the ADOC as a Sergeant at Donaldson Correctional Facility.

4. **Defendant Geoffrey Griffin** ("Griffin") is a citizen of the United States, a citizen of the State of Alabama, and is over 19 years of age. At the time of the unlawful beatings of Plaintiff, Defendant Griffin was employed by the ADOC as a correctional officer at Donaldson Correctional Facility.

5. Plaintiff Ephan Moore sues each of these Defendants in his or her individual capacity. Each of these individual Defendants acted under the color of state

law and within the scope of his employment by the ADOC when engaging in the conduct described in this Complaint.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 1988(a), as this action is intended to seek redress for a violation of the Plaintiff's Eighth Amendment rights under the Constitution of the United States, pursuant to 42 U.S.C. § 1983.

7. This Court has supplemental jurisdiction for Plaintiff's state law claims under 28 U.S.C. § 1367(a), as they arise from the same case or controversy and are also related to Plaintiff's 42 U.S.C. § 1983 claim.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions that give rise to Plaintiff's claims occurred within this Court's judicial district.

## FACTUAL ALLEGATIONS

### I. The Initial Assault of Ephan Moore

9. On January 30, 2021, Plaintiff was an inmate at Donaldson Correctional Facility. Plaintiff was the cellmate of Wilbert Smith ("Smith").

10. On or around that same evening, Defendant Binder came to the dorm where Plaintiff and Smith were housed and asked, "Who's all mad about what I did

to Cat Diamond?" Earlier in the week, Defendant Binder had attacked a well-known inmate, known as Cat Diamond, causing him substantial injuries.

11. Smith made a comment to Binder and was later called to the correctional shift office. While in the office, Smith was surrounded by multiple officers including Defendant Binder.

12. Defendant Binder told Smith that he would "see" him and Plaintiff after they went to sleep, so "have a good night's rest." Plaintiff believed this to be a credible threat from Defendant Binder, who had a history of using excessive force on inmates. This threat made Plaintiff nervous, so he could not sleep that night.

13. At or around 2:30 the next morning, Plaintiff heard the cell to his door "popping." Inmates were always instructed to close the door if this happened if they saw that no one was coming through the doors. Plaintiff closed the door.

14. The door "popped" again, and Plaintiff closed it. Suddenly, the door flew open, and Defendants Binder and Brown rushed towards Plaintiff.

15. Defendant Brown swung his fist towards Plaintiff, who reasonably believed that a substantial risk of harm was imminent.

4

16. Defendants Binder and Brown drove Plaintiff to the ground and began to beat him. The Defendants delivered forceful blows to Plaintiff's head and body with batons. During the course of this beating, Plaintiff drifted in and out of consciousness.

## II. The Second Assault of Ephan Moore

17. Because of the injuries he sustained in the initial beating, Plaintiff was drug to a corridor, placed in a wheelchair, handcuffed from the front, and escorted to Donaldson's infirmary.

18. Plaintiff was placed near the healthcare cube where he sat defenseless and handcuffed. Defendants Binder, Brown, Melton, and Griffin approached Plaintiff and delivered additional blows to Plaintiff's head and body with batons.

19. Because Plaintiff was handcuffed, he could not sufficiently protect his head from the blows of the batons. Plaintiff attempted to hide behind the wheelchair and was unsuccessful. Plaintiff attempted to shield his head with his handcuffed hands and was unsuccessful.

20. Plaintiff did everything he could to protect his person from the beating but was ultimately unsuccessful.

21. At some point, Plaintiff "felt his fingers break" as the officers continued to strike him across the hand, head, shoulders, back, and legs. As a last resort,

Plaintiff even attempted to "play dead" so that the officers might stop beating him.

22. A healthcare worker in the infirmary witnessed the attack and remarked "the cameras are rolling while y'all are doing that and y'all are going to kill him." Defendant Binder replied, "fuck the cameras, that is what we are trying to do."

23. Because of the extent of his injuries, paramedics were called to Donaldson to transport Plaintiff to an outside facility.

24. As a result of the brutal beatings, Plaintiff had his front tooth knocked out, ribs fractured, twelve staples put in his head, a fracture on the right side of his face, a finger broken on both hands, and bruises and abrasions across his body. Additionally, Plaintiff had eye socket surgery to repair extensive injuries to his eye.

25. Plaintiff was transferred from Donaldson to Kilby Correctional Facility within two days of the beatings that form the basis of this suit.

## CAUSES OF ACTION

### FEDERAL CLAIMS

**COUNT I – VIOLATION OF 42 U.S.C. § 1983**
**Eighth and Fourteenth Amendment Excessive Force**

26. Plaintiff reincorporates by reference paragraphs 1-6, and 8-25.

27. This Count applies to all Defendants.

28. 42 U.S.C. § 1983 is intended to provide legal redress for United States citizens who have, at the hands of a person acting under the color of law, been deprived of the rights, privileges, and immunities secured to them by the Constitution of the United States.

29. On or about January 30, 2021, Defendant Binder used excessive force against Plaintiff causing him extensive and substantial injuries. At the time of the second attack of Plaintiff, he posed no physical threat to Defendant Binder or any other person. Plaintiff was handcuffed from the front and sitting in a wheelchair. The force used by Defendant Binder was unreasonable and excessive in light of the circumstances.

30. On or about January 30, 2021, Defendant Melton used excessive force against Plaintiff causing him extensive and substantial injuries. At the time of the second attack of Plaintiff, he posed no physical threat to Defendant Melton or any other person. Plaintiff was handcuffed from the front and sitting in a wheelchair. The force used by Defendant Melton was unreasonable and excessive in light of the circumstances.

31. On or about January 30, 2021, Defendant Griffin used excessive force against Plaintiff causing him extensive and substantial injuries. At the time of the second attack of Plaintiff, he posed no physical threat to Defendant Griffin or any other person. Plaintiff was handcuffed from the front and

sitting in a wheelchair. The force used by Defendant Griffin was unreasonable and excessive in light of the circumstances.

32. These Defendants knew that using such force presented a risk of seriously bodily harm to Plaintiff but recklessly disregarded that risk.

33. The force exercised by these Defendants was applied maliciously, sadistically, and for the very purpose of causing harm to Plaintiff.

34. The force exercised by these Defendants on or about January 30, 2021, amounted to a clear violation of Plaintiff's constitutionally protected right to be free from cruel and unusual punishment.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983
### Eighth and Fourteenth Amendment Supervisory Liability

35. Plaintiff reincorporates by reference numbers 1,3, 5-6, and 8-25.

36. This Claim only applies to Defendant Melton

37. 42 U.S.C. § 1983 is intended to provide legal redress for United States citizens who have, at the hands of a person acting under the color of law, been deprived of the rights, privileges, and immunities secured to them by the Constitution of the United States.

38. A claim of supervisory liability can be brought under § 1983 when the supervisor personally participated in the alleged constitutional violation.

39. Defendant Melton, in his role as Sergeant at Donaldson Correctional Facility, was a supervisor to all subordinate correctional officers.

8

40. In his capacity as Sergeant, Defendant Melton participated in the second unlawful attack of Plaintiff. Moreover, Defendant Melton did nothing to thwart the unlawful attack of Plaintiff.

41. Defendant Melton's participation in the unlawful beating of Plaintiff amounted to a deliberate indifference towards the safety and wellbeing of Plaintiff.

## STATE CLAIMS

### COUNT III – Assault and Battery
### Against All Defendants

42. Plaintiff reincorporates by reference numbers 1-25.

43. This Count applies to all Defendants.

44. On or around January 30, 2021, the actions of Defendant Binder 1) intended to touch Plaintiff, 2) touched Plaintiff, and 3) touched the Plaintiff in a harmful or offensive manner.

45. Defendant Binder negligently, recklessly, maliciously, willfully, and wantonly assaulted and battered the Plaintiff.

46. On or around January 30, 2021, the actions of Defendant Melton 1) intended to touch Plaintiff, 2) touched Plaintiff, and 3) touched the Plaintiff in a harmful or offensive manner.

47. Defendant Melton negligently, recklessly, maliciously, willfully, and wantonly assaulted and battered the Plaintiff.

48. On or around January 30, 2021, the actions of Defendant Griffin 1) intended to touch Plaintiff, 2) touched Plaintiff, and 3) touched the Plaintiff in a harmful or offensive manner.

49. Defendant Griffin negligently, recklessly, maliciously, willfully, and wantonly assaulted and battered the Plaintiff.

50. As a result of the Defendants' actions, Plaintiff sufferd substantial physical injuries that required extensive medical treatment.

51. Defendants' conduct is actionable as an assault and battery under Alabama law.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully request the entry of judgment against Defendants jointly and severally pursuant to and order awarding:

a. A judgment declaring that the actions of the Defendant violated the Plaintiff's constitutional rights under 42 U.S.C. § 1983;

b. Nominal and compensatory damages in the amount to be determined by the trier of fact;

c. Punitive damages to be determined by the trier of fact;

d. Damages relating to pain and suffering in an amount to be determined by a jury;

e. Reasonable attorney's fees and costs; and

f. All other monetary and equitable relief that this Honorable Court might deem appropriate and just.

## JURY DEMAND

52. Plaintiff respectfully requests a trial by jury.

Respectfully submitted on this ___ day of February 2022.

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.
*Attorney for Plaintiff Ephan Moore*

**Maxwell & Tillman**
2326 2nd Avenue North
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
maxwell@mxlawfirm.com

/s/ Austin Russell
Austin Russell
*Attorney for Plaintiff Ephan Moore*

**Maxwell & Tillman**
2326 2nd Avenue North
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
arussell@mxlawfirm.com

/s/ Richard Rice
Richard Rice

11

*Attorney for Plaintiff William R. Smith*

**The Rice Firm, LLC**
420 20th Street North, Suite 2200
Birmingham, AL 35203
Phone: (205) 618-8733
rice@rice-lawfirm.com

### Please Serve the Following Via Certified Mail:

**Joseph Binder**
241 10th Avenue SW
Birmingham, AL 35211-2806

**Cordaro Melton**
1601 Mimosa Park Road
Tuscaloosa, AL 35405-4857

**Geoffrey Griffin**
8425 8th Avenue South
Birmingham, AL 35206-3456

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.
*Attorney for Plaintiff Ephan Moore*