FILED
2022 May-17  AM 08:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **EPHAN MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:22-cv-00219-RDP** |
| | ) | |
| **CORDARO MELTON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## GEOFFREY GRIFFIN'S MOTION TO DISMISS
## AND BRIEF IN SUPPORT

Defendant Geoffrey Griffin, by and through undersigned counsel, hereby submits his Brief in Support of his Motion to Dismiss Plaintiff Ephan Moore's Complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

Plaintiff Ephan Moore is incarcerated with the Alabama Department of Corrections ("ADOC") and assigned to Kilby RCC in Montgomery, Alabama. (Doc. 1 ¶ 1). Plaintiff sued three defendants, one being Geoffrey Griffin, who is a Correctional Officer with ADOC and assigned to William E. Donaldson Correctional Facility ("WEDCF") in Bessemer, Alabama. (Doc. 1 ¶ 4). Plaintiff has sued Defendant Griffin in his individual capacity. He alleges three causes of actions, yet only two causes of action are against Defendant Griffin: (1) violation of the

Eighth and Fourteenth Amendments Excessive Force and (2) Assault and Battery. (Doc. 1 at 6-10).

Plaintiff alleges that after he was assaulted earlier in the night, he was taken to the Infirmary at WEDCF where he was housed. (Doc. 1 ¶ 17). He further alleges that Defendant Griffin along with the other defendants[1] assaulted him with batons while handcuffed and in a wheelchair. (Doc. 1 ¶ 18).

## STANDARD OF REVIEW

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face.'" *Valley Creek Land & Timber, LLC v. Colonial Pipeline Company*, 432 F.Supp.3d 1360, 1363, 2020 WL 65027 (N.D. Ala. January 7, 2020); citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678(2009); quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In considering a defendant's motion to dismiss, the 'court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true.'" *McQueen v. Alabama Department of Transportation*, 2018 WL 2709319 *4 (M.D. Ala. June 5, 2018); quoting *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (other citations omitted). "However, '[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as

---

[1] In paragraph 18 of Plaintiff's Complaint, he lists Defendants as "Binder, Brown, Melton, and Griffin; however, Brown not named in the style or in the Parties section of said Complaint.

facts will not prevent dismissal.'" *McQueen*, 2019 WL 2709139 *5; quoting *Jackson v. BellSouth TeleComms.*, 372 F.3d 1250, 1262 (11th Cir. 2004); *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (other citation omitted). This standard of review is applicable to motions to dismiss brought under Rule 12(b)(6).

## **ARGUMENT**

### I.   **Plaintiff has failed to state a claim upon which relief can be granted.**

Plaintiff has failed to state a claim upon which relief can be granted simply because he has failed to state any claim at all against Defendant Griffin. He has failed to follow Rule 8 of the Federal Rules of Civil Procedure, specifically Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to the relief." "In the application, the Rule requires that a plaintiff plead 'enough facts to state a claim to relied that is plausible on its face,' in that well-pleaded factual matter in the complaint 'nudge[s] [the plaintiff'] claims across the line from conceivable to plausible.'" *Wilke v. Troy Regional Medical Center*, 2020 WL 1545904 *1 (M.D. Ala. March 10, 2020); quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 does not require "'detailed factual allegations,'. . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilke*, 2020 WL 1545904 at *1; quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be some specificity in the pleading.

Sufficiency of a complaint is based on "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilke*, 2020 WL 1545904 at *1; quoting *Iqbal*, 556 U.S. at 678. A plaintiff must "include allegations for each essential element" of his claim. *Wilke*, 2020 WL 1545904 at *1; *GeorgiaCarry.Org., Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012). This Court should evaluate the claim in a holistic manner and consider whether the facts alleged by Plaintiff raise a claim that is plausible. *Wilke*, 2020 WL 1545904 at *2; other citations omitted.

Plaintiff's Complaint is sorely lacking in facts related to Defendant Griffin at all. When reviewing the Complaint, there are only five paragraphs that specifically name Defendant Griffin. (Doc. 1 ¶¶ 4, 18, 31, 48, & 49). The remainder of the paragraphs are unrelated to Defendant Griffin or did not specifically name him or define his actions. Therefore, the claims against Defendant Griffin should be dismissed.

## II. Defendant Griffin is entitled to qualified immunity from suit for all federal individual capacity claims.

If the Court finds that Plaintiff has managed to state a claim against Defendant Griffin, he is nevertheless entitled to qualified immunity in this case. Excessive force claims against correctional officers in violation of the Eighth Amendment of the United States Constitution should be evaluated under the standards established by *Hudson v. McMillian*, 503 U.S. 1 (1992) and *Whitley v. Albers*, 475 U.S. 312 (1986).

"[T]he core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson,* 503 U.S. at 7. There are certain factors that must be considered: "(1) the need for the application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible official, (4) any efforts to temper the severity of a forceful response, and (5) the extent of the injury suffered by the inmate." *Mims v. Melton*, 2021 WL 4024440 *4 (N.D. Ala. August 9, 2021) (citing *Whitley*, 475 U.S. at 321). When reviewing force used, the court should take a deferential view of balancing the inmate's Eighth Amendment right with the institution's concern for the safety of staff and other inmates. *Williams v. Burton*, 943 F.2d 1572, 1575 (11th Cir. 1991). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* use of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind'"" *Hudson*, 503 U.S. at 9-10. For an inmate to create a genuine issue of material fact, he must have evidence from which a reasonable inference can be drawn that the correctional official acted maliciously and sadistically. *Mims*, 2021 WL 4024440 at *4. Courts, generally, "do not second-guess prison officials on matters that they are better equipped to handle under the exigencies of an internal

disturbance." *Id.* at *4 (quoting *Wilson v. Blankenship*, 163 F.3d 1284, 1295 (11th Cir. 1998)).

In this present case, as outlined above, this Court cannot reasonably infer that Defendant Griffin acted maliciously and sadistically as there is only paragraph that alleges that he, along with the other defendants and Brown, approached Plaintiff and used batons to hit him. (Doc. 1 ¶ 18). This is the only paragraph that provides information as to what Defendant Griffin allegedly did to Plaintiff. If there is enough information to proceed with this case, Defendant Griffin is entitled to qualified immunity.

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.* (brackets and internal quotations omitted). While clearly established law does "not require a case directly on point," "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). "This exacting standard 'gives government officials breathing room to make reasonable but mistaken judgments' by 'protect[ing] all but the plainly

incompetent or those who knowingly violate the law.'" *City & Cty. of San Francisco v. Sheehan*, 575 U.S. 600, 135 (2015) (quoting *al-Kidd*, 563 U.S. at 743).

The applicability of qualified immunity depends on whether an official "was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (quotation marks and citation omitted). "A government official acts within her discretionary authority if the actions were (1) undertaken pursuant to the performance of [her] duties and (2) within the scope of [her] authority." *Lenz v. Winburn*, 51 F.3d 1540, 1545 (11th Cir. 1995) (alterations in original). Clearly, Defendant Griffin was in the cell block since he is a correctional officer in a correctional facility.

"Once the defendant establishes that he was acting within his discretionary authority, the burden then shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee*, 284 F.3d at 1194. Plaintiff bears the burden of making plausible factual allegations "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *al-Kidd*, 563 U.S. at 735 (quotation marks and citation omitted). Plaintiff cannot succeed under either prong.

Based upon the information in Plaintiff's Complaint, Defendant Griffin was in the line and scope of his position as a Correctional Officer when he was at work on January 30, 2021. The allegation against Defendant Griffin is vague at best, and

there is no information that Defendant Griffin did in fact strike Plaintiff. If Defendant Griffin did not violate any of Plaintiff's constitutional rights, particularly his Eighth Amendment rights that have been established for an extended period. If the Court were to find that Plaintiff has pled his Complaint correctly, Defendant Griffin is entitled to qualified immunity as to said claims.

### III.    Defendant Griffin is entitled to state-agent immunity.

Plaintiff has alleged the state law claim of assault and battery against Defendant Griffin and the other named defendant. However, Defendant Griffin is entitled to state-agent immunity under Alabama law. Alabama law provides a state official with state-agent immunity from tort liability for suits against him in his individual capacity. "State-agent immunity protects state employees, as agents of the State, in the exercise of their judgment in executing their work responsibilities." *Ex parte Hayles*, 852 So. 2d 117, 122 (Ala. 2002). Determining whether a state official is entitled to state-agent immunity involves a burden-shifting process. The state agent "bears the burden of demonstrating that the plaintiff's claims arise from a function that would entitle the State agent to immunity." *Ex parte Estate of Reynolds*, 946 So. 2d 450, 452 (Ala. 2006). "If the State agent makes such a showing, the burden then shifts to the plaintiff to show that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority." *Id*.

To satisfy his burden of showing Plaintiff's claims arise from a function entitling him to state-agent immunity, Defendant Griffin must show the allegations fall into one of the categories set out in *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000). He can easily satisfy this burden. Cranman stated:

> A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
> . . .
> (2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:
> (a) making administrative adjudications;
> (b) allocating resources;
> (c) negotiating contracts;
> (d) hiring, firing, transferring, assigning, or supervising personnel; . . .

*Cranman*, 946 So. 2d at 405 (emphasis added). Plaintiff is alleging that he was assaulted by Defendant Griffin in the Infirmary at WEDCF. However, Plaintiff's allegations arise out of Defendant Griffin's position as a Correctional Officer at the ADOC. Ensuring the safety of the public, correctional staff, and inmates are part of Defendant Griffin's responsibility, whether in a dorm or healthcare unit.

Defendant Griffin satisfies his initial burden of showing he was engaged in a function entitling him to state-agent immunity, the burden now shifts to Plaintiff to allege Defendant Griffin was acting willfully, maliciously, fraudulently, in bad faith, or beyond his authority. *Reynolds*, 946 So. 2d at 452. Plaintiff must do more than allege legal conclusions in order to carry this burden. *See Ex parte Gilland*, 274 So.

3d 976, 985 n.3 (Ala. 2018) ("Although we are required to accept McCains <u>factual</u> allegations as true at this stage of the proceedings, we are not required to accept her <u>conclusory</u> allegations that Gilland acted willfully, maliciously, fraudulently, or in bad faith. Rather, to survive Gilland's motion to dismiss, McCain was required to plead <u>facts</u> that would support those conclusory allegations.").

Plaintiff fails to carry his burden of alleging facts to show Defendant Griffin is not entitled to state-agent immunity for the reasons stated above. Plaintiff simply fails to allege any facts about what Defendant Griffin did or did not do. Plaintiff's Complaint falls short of carrying his burden to overcome Defendant Griffin's assertion of state-agent immunity. Therefore, any individual capacity state-law claims Plaintiff might bring against Defendant Griffin are "in effect, against the State" and are "in substance, official-capacity claims" barred by sovereign immunity. *Id*. Accordingly, all state-law claims against Defendant Griffin must be dismissed for lack of subject-matter jurisdiction.

## IV.    Defendant Griffin is entitled to discretionary immunity.

Plaintiff alleges that Defendant Griffin violated his Eighth Amendment rights when Defendant Griffin used force against him. Yet, Defendant Griffin is entitled to discretionary immunity due to his position as a Correctional Officer with ADOC.

Discretionary immunity is not an absolute immunity and "applies when a state officer or employee commits a tort while engaged in the exercise of a discretionary

function." *Spencer v. Fails*, 2018 WL 3581673 * 14 (S.D. Ala. June 26, 2018); citing *Taylor v. Shoemaker*, 605 So. 2d 828, 831 (Ala. 1992); *Sellers v. Thompson*, 452 So. 2d 460 (Ala. 1984).   Section 6-5-335(a) of the *Alabama Code* is relevant in establishing the discretionary function immunity. This statute states:

> Every peace officer . . . who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof ... shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.

*Ala. Code* § 6-5-338(a)(1975).

The analysis for discretionary immunity begins with the determination that the defendant was performing a discretionary function at the time the wrong occurred. *Spencer*, 2018 WL 3581673 at * 14; citing *Wood v. Kesler*, 323 F.3d 872, 883 (11th Cir. 2003). A discretionary act is one in which "there is no hard and fast rule as to the course of conduct that one must or must not take" and requires the exercising "in judgment and choice and involving what is just and proper under the circumstances." *Spencer*, 2018 WL 3581673 at * 14; other citations omitted. If the court determines that a defendant was performing a discretionary function, the burden then shifts to the plaintiff to show that a defendant acted in "bad faith, with malice or willfulness." *Spencer*, 2018 WL 3581673 * 14; *Wood*, 323 F.3d at 883; other citation omitted.

Defendant Griffin is a Correctional Officer with the ADOC. (Doc. 1 ¶ 4). At the time of Plaintiff's allegations Defendant Griffin was at work. While at work, one of his responsibilities is to ensure the safety and security of the public, correctional staff, and inmates. *Ala. Code* § 14-3-13(1975) (. . . "and, will, in no case, ill treat or abuse any prisoner under my charge or control, nor inflict upon him or her any other or greater punishment than may be prescribed by the law or the regulations of the department . . . ."). While the Plaintiff alleges that Defendant Griffin was part of a group of officers that struck him unnecessarily, he has failed to meet his burden that Defendant Griffin was the one that acted in bad faith or with malice or willfulness because he does not articulate if it was Defendant Griffin that actually hurt Plaintiff or did so in bad faith. Thus, Defendant Griffin is entitled to discretionary immunity.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Geoffrey Griffin prays that this Court will dismiss Plaintiff Ephan Moore's claims against him.

Respectfully submitted this 17th day of May 2022.

STEVE MARSHALL
ALABAMA ATTORNEY GENERAL

*/s/ Tara S. Hetzel*
TARA S. HETZEL (ASB-7734-A61K)
COUNSEL FOR DEFENDANT GRIFFIN

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Email: tara.hetzel@alabamaag.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of May 2022, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF e-filing system, which will

send notification of this filing to all counsel of record.

| | |
|---|---|
| Leroy Maxwell, Jr. | Richard Rice |
| Austin Russell | The Rice Firm LLC |
| Maxwell & Tillman | 115 Richard Arrington Jr Blvd N. |
| 2326 2nd Avenue North | Birmingham, AL 35203 |
| Birmingham, Alabama 35203 | |

*/s/ Tara S. Hetzel*
Of Counsel