IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EPHAN MOORE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:22-cv-00219-RPD |
| JOSEPH BINDER, CORDARO MELTON, and GEOFFREY GRIFFIN, | ) |
| Defendants. | ) |

**OPPONENT'S RESPONSIVE SUBMISSION IN RESPONSE TO EXHIBIT B OF THE COURT'S ORDER[1]**

**COMES NOW,** the Plaintiff, Ephan Moore, by and through the undersigned attorney, responds to Defendant Griffin's Motion to Dismiss (Doc. 13). In support of this, the Plaintiff asserts the following:

1. Plaintiff's Complaint asserts the following causes of actions against Defendant Griffin in his official and individual capacities: violation of 42 U.S.C. § 1983 Eighth and Fourteenth Amendment Excessive Force, and Assault and Battery.

2. Plaintiff's Complaint sets forth claims upon which relief can be granted against Defendant Griffin in satisfaction of the specificity requirements of Rule 8, Fed. R. Civ. P.

3. Defendant Griffin is not protected by qualified immunity or State agent immunity.

**MEMORANDUM IN SUPPORT OF PLAINTIFF MOORE'S RESPONSE**

**I.   STANDARD OF REVIEW**

---

[1] Opposition to Defendant Griffin's Motion to Dismiss pursuant to this honorable Court's Initial Order. (Doc. 13 and Doc. 14, Ex. B)

1

When faced with a Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss, a court must accept all factual allegations in the complaint as true and ascertain whether the complaint in its entirety pleads a claim on which relief can be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltc.* 551 U.S. 308, 322-23, 127 S. Ct. 2499 (2007). In *Bell Atl. Corp. v. Twombly,* the United States Supreme Court took a two-pronged approach in analyzing a motion to dismiss. First, a court should assume the veracity of well-pleaded factual allegations. *Twombly,* 550 U.S. at 555, 127 S. Ct. at 1964-65. Second, the court should consider whether the factual allegations in the complaint, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Twombly,* 550 U.S. 544 at 570, 127 S. Ct. at 1964)). A claim is plausible on its face when the complaint pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. 544 at 556, 127 S. Ct. at 1964)). However, it is important to note that while the standard is that the defendant's misconduct be plausible, it is not required that the complaint show the misconduct be probable. *Id.*, *see Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) ("The issue [in a Rule 12(b)(6) Motion to Dismiss] is not whether the plaintiff will ultimately prevail, but 'whether the claimant is entitled to offer evidence to support the claims.'")

In this case, Plaintiff Moore's complaint contains sufficient factual allegations to support a court's reasonable inference that Defendant Griffin is liable for the claims of Excessive Force, Assault, and Battery. Plaintiff's Complaint, among other details, asserts that Plaintiff was handcuffed and could not protect himself while Defendant Griffin and other officers delivered blows to his head and body. (Doc. 1, pp. 5, 7-10, ¶¶ 18-19, 31-33, 48-50).

**II.    SPECIFICITY REQUIREMENT OF RULE 8 HAS BEEN SATISFIED**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly,* 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). The pleading standard articulated in Rule 8 does not require "detailed factual allegations," but it requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 555, 127 S. Ct. at 1964)).

Defendant Griffin's Motion alleges that "Plaintiff's Complaint is sorely lacking in facts related to Defendant Griffin at all." (Doc. 13, p. 4). Plaintiff's Complaint, however, addressed all officers involved, including direct statements about Defendant Griffin's actions, including how "Defendant Griffin used excessive force against Plaintiff causing [Plaintiff Moore] extensive and substantial injuries" and "[t]he force used by Defendant Griffin was unreasonable and excessive in light of the circumstances." (Doc. 1, pp. 7-8, ¶ 31). Plaintiff's Complaint also details that Defendant "Griffin approached Plaintiff and delivered additional blows to Plaintiff's head and body with batons" while he was handcuffed and unable to protect himself from injuries. (Doc. 1, p. 5, ¶ 18). These alleged facts clearly satisfy the specificity requirement and sufficiently places Defendant Griffin on notice.

### III. DEFENDANT GRIFFIN IS NOT ENTITLED TO QUALIFIED IMMUNITY FOR FEDERAL CAPACITY CLAIMS IN PLAINTIFF MOORE'S COMPLAINT

Qualified immunity protects government officials "from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." *Hadley v. Gutierrez,* 526 F. 3d 1324, 1329 (11th Cir. 2008). Defendant Griffin would have had to have been performing a discretionary function at the

time the wrong occurred. *Spencer v. Fails*, 2018 WL 3581673 *1, *14 (2018) (citing *Wood v. Kesler,* 323 F.3d 872, 883 (11th Cir. 2003)). He was not. Discretionary functions include acts in which "a police officer is required to make 'difficult split-second decision[s] under unusual circumstances," and discretionary immunity would then apply. *Thurmond v. City of Huntsville,* 904 So.2d 314, 320 (Ct. Civ. App. Al. 2004) (quoting *Ex parte City of Gadsden,* 781 So.2d 936, 940 (2000)). Instead, Defendant Griffin was using excessive force against Plaintiff Moore who was unarmed, handcuffed, and not posing a risk to himself or anyone else. (Doc. 1, pp. 7-8, ¶ 31). The excessive force caused "extensive and substantial injuries." (Doc. 1, p. 7, ¶ 31). Such actions are not considered discretionary functions and are not protected.

The purpose of qualified immunity is to "strike a balance between 'the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.'" *Taylor v. Taylor,* 649 F. App'x 737, 742 (11th Cir. 2016). To determine whether qualified immunity should be granted, courts within the Eleventh Circuit evaluate: (1) taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right[?]; and (2) if a constitutional right would have been violated under the plaintiff's version of the facts, . . . [was] the right . . . clearly established[?]" *Shuford v. Conway,* 666 F. App'x 811, 815 (11th Cir. 2016). Here, as shown by Plaintiff's Complaint, the officer's conduct violated a constitutional right, and the right was clearly established.

   a. **Constitutional Violation: Excessive Force**

In excessive force claims, courts will analyze the officer's actions to determine if they were "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor* 490 U.S. 386, 397 (1989).

Courts will consider factors: "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Courts may also consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.*

Here, Plaintiff's Complaint alleges that Defendant Griffin used excessive force which caused the Plaintiff injuries when the Plaintiff posed no threat. Plaintiff's Complaint alleges that "Griffin approached Plaintiff and delivered additional blows to Plaintiff's head and body with batons." (Doc. 13, p. 7-8; Doc. 1 p. 5 ¶ 18). In addition, Plaintiff attempted to "shield his head with his handcuffed hands" and "protect his head from the blows of the batons" that the officers used against him, but—because of the excessive force used and Plaintiff's position—Plaintiff's attempts were unsuccessful. (Doc. 1, p. 5, ¶ 19). Plaintiff's Complaint also alleges that the force used was "unreasonable and excessive in light of the circumstances" and "was applied maliciously, sadistically, and for the very purpose of causing harm to Plaintiff," clearly violating a constitutional right. (Doc. 1 pp. 7-8, ¶¶ 31, 33).

    b. ***Clearly Established***

If there is an alleged deprivation of a constitutional right, as it is here, the second inquiry is "whether that right allegedly implicated was clearly established at the time of the events in question." *County of Sacramento v. Lewis* 523 U.S. 833, 841 n.5 (1998). For a right to be clearly established, that right must be "sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard,* 572 U.S. 765, 779 (2014). This question turns on "whether the state of the law at the time of an incident provided

'fair warning' to the defendant" that his conduct was unconstitutional. *Tolan v. Cotton,* 572 U.S. 650, 656 (2014) (internal quotation marks and citation omitted).

At the time of the incident, the law was clearly established that the use of excessive force against an unarmed, non-threatening person is unconstitutional. The Eleventh Circuit Court of Appeals has previously held that an officer was not entitled to qualified immunity when he punched a suspect in the stomach while the suspect "was handcuffed and not struggling or resisting," regardless of the subjective belief that the officer had that the suspect "posed a risk of danger." *Hadley v. Gutierrez,* 526 F. 3d 1324, 1330 (11th Cir 2008). At the time of the incident, "Plaintiff was handcuffed from the front and sitting in a wheelchair" and was in no position to pose a threat to the officers or anyone else. (Doc. 1, pp. 7-8, ¶ 31). Yet, Defendant Griffin used enough force against him to present a risk of serious "bodily harm to Plaintiff but recklessly disregarded that risk." (Doc. 1, p. 8, ¶ 32).

Defendant Griffin asserts that "[t]he allegation against Defendant Griffin is vague at best;" however, Plaintiff's Complaint alleges that "Griffin approached Plaintiff and delivered additional blows to Plaintiff's head and body with batons." (Doc. 13, pp. 7-8; Doc. 1 p. 5 ¶ 18). In addition, Plaintiff attempted to "shield his head with his handcuffed hands" and "protect his head from the blows of the batons" that the officers used against him, but—because of the excessive force used and Plaintiff's position—Plaintiff's attempts were unsuccessful. (Doc. 1, p. 5, ¶¶ 18-19). Plaintiff's Complaint further states that Defendant Griffin, specifically, "used excessive force against Plaintiff causing him extensive and substantial injuries" even though he "posed no physical threat to Defendant Griffin or any other person." (Doc. 1, p. 7, ¶ 31). Because Defendant Griffin violated Plaintiff's constitutional right and the right was well established, Defendant Griffin is not protected by qualified immunity.

## IV.    DEFENDANT GRIFFIN IS NOT ENTITLED TO STATE-AGENT IMMUNITY FOR ASSAULT AND BATTERY CLAIMS

Defendant Griffin is not entitled to State-agent immunity for the state claims brought against him in this case. State-agent immunity allows State employees to exercise "judgment in executing their work responsibilities." *Ex parte Kennedy,* 992 So. 2d 1276, 1281 (Ala. 2008) (quoting *Ex parte Hayles*, 852 So. 2d 117, 122 (Ala. 2002)). Under *Ex parte Cranman,* "[a] State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's:

> exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:
> (a) making administrative adjudications;
> (b) allocating resources;
> (c) negotiating contracts;
> (d) hiring, firing, transferring, assigning, or supervising personnel…"

*Ex parte Cranman,* 792 So. 2d 392, 405 (2000). In applying State-agent immunity, "the defendant bears the initial burden of showing that he or she qualifies for State-agent immunity." *Ex parte Brown,* 182 So. 3d 495, 503 (Ala. 2015). After the Defendant shows that he or she qualifies, "the burden then shifts to the Plaintiff to show that one of the two exceptions to State-agent immunity is applicable." *Id*.

Two exceptions to this rule are as follows: "[n]otwithstanding anything to the contrary in the foregoing statement of the rule, a State-agent shall not be immune from civil liability in his or her personal capacity (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulation of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a

7

mistaken interpretation of the law." *Id*. Here, the second exception applies because Defendant Griffin acted willfully and maliciously and beyond his authority in applying excessive force against Defendant Griffin.

Plaintiff's Complaint alleges that "Defendant Griffin 1) intended to touch Plaintiff, 2) touched Plaintiff, and 3) touched the Plaintiff in a harmful or offensive manner." (Doc. 1, p. 10, ¶ 48). Further, Plaintiff's Complaint asserts that "Defendant Griffin negligently, recklessly, maliciously, willfully, and wantonly assaulted and battered the Plaintiff," excluding Defendant Griffin from being protected by State-agent immunity. (Doc. 1, p. 10, ¶ 49). Again, Plaintiff Moore was handcuffed and was in no position to harm any person at the time that Defendant Griffin attacked him. (Doc. 1, p. 7, ¶ 31). Defendant Griffin knew that such force could seriously harm the Plaintiff. (Doc. 1, p. 8, ¶ 32). Yet, he continued to act beyond the scope of his authority in using excessive force against Plaintiff Moore, amounting to willful and malicious intent. Clearly, Defendant Griffin is not entitled to State-agent immunity.

## CONCLUSION

**WHEREFORE,** Plaintiff Moore requests that this honorable Court deny Defendant Griffin's Motion to Dismiss.

Respectfully submitted,

*/s/Leroy Maxwell, Jr.*
Leroy Maxwell, Jr.
Maxwell & Tillman
2326 2nd Avenue North
Birmingham, AL 35203
maxwell@mxlawfirm.com
*Attorney for Plaintiff*

/s/ Austin T. Russell
Austin T. Russell
Maxwell & Tillman
2326 2nd Avenue North
Birmingham, AL 35203
arussell@mxlawfirm.com
*Attorney for Plaintiff*

**OF COUNSEL**
**MAXWELL TILLMAN**
2326 2nd Avenue North
Birmingham, AL 35203
Phone: 205-216-3304
maxwell@mxlawfirm.com
arussell@mxlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May 2022, I have served a copy of the foregoing on all parties by using the CM/ECF electronic filing system or by U.S. mail if the party is not registered on CM/ECF:

**Terri Olive Tompkins**
**Christian Alexandra Montgomery**
Rosen Hardwood
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
ttompkins@rosenhardwood.com
amontgomery@rosenhardwood.com
*Attorneys for Defendant Joseph Binder*

**Albert L. Jordan**
**Mary Alexandra Underwood**
**Thomas A. McKnight, Jr.**
Wallace, Jordan, Ratliff & Brandt, LLC
800 Shades Creek Parkway, Suite 400
Birmingham, AL 35209
bjordan@wallacejordan.com
tmcknight@wallacejordan.com
brrobinson@wallacejordan.com
*Attorneys for Defendant Cordaro Melton*

**Tara Smelley Hetzel**
Alabama Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130-0152
Tara.Hetzel@alabamaag.gov