IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| EPHAN MOORE, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:22-cv-00219-RDP |
| | ) |
| CORDARO MELTON, et al., | ) |
| | ) |
| Defendants. | ) |

**GEOFFREY GRIFFIN'S REPLY TO OPPONENT'S RESPONSIVE SUBMISSION TO GRIFFIN'S MOTION TO DISMISS**

Defendant Geoffrey Griffin, by and through undersigned counsel, replies to Plaintiff Moore's Responsive Submission in Response to Exhibit B of the Court's Order (Doc. 19) to his Motion to Dismiss (Doc. 13). In support of this, Defendant Griffin asserts the following:

  I.  **Rule 8 has not been satisfied by Plaintiff.**

It remains true that Plaintiff has failed to state a claim that is plead with enough facts against Defendant Griffin that is plausible on its face "in that well-pleaded factual matter that nudge[s] [the plaintiff's] claims across the line from conceivable to plausible." *Wilke v. Troy Regional Medical Center*, 2020 WL 1545904 *1 (M.D. Ala. March 10, 2020); quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilke*, 2020 WL 1545904 at *1; quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be some specificity in the pleading. This Court should evaluate the claim in a holistic manner and consider whether the facts alleged by Plaintiff raise a claim that is plausible. *Wilke*, 2020 WL 1545904 at *2; other citations omitted.

When reviewing the Complaint, there are only five paragraphs that specifically name Defendant Griffin. (Doc. 1, ¶¶ 4, 18, 31, 48, & 49). When reviewing the Opponent's Responsive

Submission (Doc. 19), Plaintiff only cites to four paragraphs that specifically name Defendant Griffin. (Doc. 1, ¶¶ 18, 31, 48, & 49). Yet, the paragraphs are conclusory in nature. The remainder of the paragraphs are unrelated to Defendant Griffin, or did not specifically name him or define his actions. Therefore, the claims against Defendant Griffin should be dismissed.

## II.     Defendant Griffin remains entitled to qualified immunity from suit in all federal individual capacity claims.

Defendant Griffin is entitled to qualified immunity in this case because there is not enough information pleaded in the Plaintiff's Complaint or Opposition Responsive Submission to suggest otherwise. When reviewing force used, the Court should take a deferential view of balancing the inmate's Eighth Amendment right with the institution's concern for the safety of staff and other inmates. *Williams v. Burton*, 943 F.2d 1572, 1575 (11th Cir. 1991). For an inmate to create a genuine issue of material fact, he must have evidence from which a reasonable inference can be drawn that the correctional official acted maliciously and sadistically. *Mims v. Melton*, 2021 WL 4024440 *4 (N.D. Ala. August 9, 2021). Courts, generally, "do not second-guess prison officials on matters that they are better equipped to handle under the exigencies of an internal disturbance." *Id.* at *4 (quoting *Wilson v. Blankenship*, 163 F.3d 1284, 1295 (11th Cir. 1998)).

This Court cannot reasonably infer that Defendant Griffin acted maliciously and sadistically as there is only paragraph in the Complaint that alleges that he, along with the other defendants and Brown, approached Plaintiff and used batons to hit him. (Doc. 1, ¶ 18). Further, as Plaintiff outlines in his Response, courts within the Eleventh Circuit determine whether qualified immunity should be granted by evaluating whether (1) the facts allege the officer's conduct violated a constitutional right and (2) if so, the court asks whether the right was clearly established. In Plaintiff's Response, five paragraphs of the complaint are asserted in this matter (Doc. 1, ¶¶ 18, 19, 31, 32, & 33), however, only two of which mention Defendant Griffin by name (Doc. 1, ¶¶ 18

& 31). Therefore, there is not information to allege that Defendant Griffin violated Plaintiff's constitutional right.

### III. Defendant Griffin remains entitled to state-agent immunity.

As alleged in Defendant's Motion to Dismiss, it remains true that Defendant Griffin is entitled to and satisfied his burden in establishing state-agent immunity. Plaintiff's Complaint (Doc. 1), and now Opponent's Responsive Submission (Doc. 19), both fall short of carrying his burden to overcome Defendant Griffin's assertion of state-agent immunity. The facts asserted by Plaintiff do not amount to proving that Defendant Griffin acted willfully and maliciously and outside the parameters of his duty as a correctional officer in a correctional facility. Simply put – Plaintiff fails to allege any facts about what Defendant Griffin did or did not do. Therefore, any individual capacity state-law claims Plaintiff might bring against Defendant Griffin are "in effect, against the State" and are "in substance, official-capacity claims" barred by sovereign immunity. *See Ex parte Gilland,* 274 So. 3d 976, 985 n.3 (Ala. 2018). Accordingly, all state-law claims against Defendant Griffin must be dismissed for lack of subject-matter jurisdiction.

### CONCLUSION

For the foregoing reasons, Defendant Geoffrey Griffin prays that this Court will dismiss Plaintiff Ephan Moore's claims against him.

Respectfully submitted this 1st day of June 2022.

            STEVE MARSHALL
            ALABAMA ATTORNEY GENERAL

            */s/ Tara S. Hetzel*
            TARA S. HETZEL (ASB-7734-A61K)
            COUNSEL FOR DEFENDANT GRIFFIN

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Email: tara.hetzel@alabamaag.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF e-filing system, which will send notification of this filing to all counsel of record.

| | |
|---|---|
| Leroy Maxwell, Jr. | Richard Rice |
| Austin Russell | The Rice Firm LLC |
| Maxwell & Tillman | 115 Richard Arrington Jr Blvd N. |
| 2326 2nd Avenue North | Birmingham, AL 35203 |
| Birmingham, Alabama 35203 | |

*/s/ Tara S. Hetzel*
Of Counsel