## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **EPHAN MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:22-cv-00219-RDP** |
| | ) | |
| **JOSEPH BINDER, CORDARO MELTON,** | ) | *NO ORAL ARGUMENT REQUESTED* |
| **and GEOFFREY GRIFFIN,** | ) | |
| | ) | *OPPOSED* |
| **Defendants.** | ) | |

## DEFENDANT CORDARO MELTON'S MOTION TO STAY PROCEEDINGS

COMES NOW Defendant Sergeant Cordaro Melton ("Sergeant Melton"), and moves this Honorable Court to stay all discovery and other proceedings until resolution of a pending criminal investigation related to the events described in the Complaint. As grounds therefore, Melton states as follows:

1.      On February 18, 2022, Ephan Moore ("Inmate Moore" or "Plaintiff") filed the present lawsuit, alleging constitutional violations concerning an alleged excessive use of force by correctional officers during a January 30, 2021 incident. According to Plaintiff's Complaint, he was involved in a physical altercation with certain correctional officers in the C dorm of Donaldson Correctional Facility, located in Jefferson County, Alabama ("Donaldson"). (Doc. 1, ¶¶ 9–16). Inmate Moore also alleges excessive use of force occurring in the Donaldson infirmary shortly thereafter. *Id.* at ¶¶ 17–22. Throughout Inmate Moore's Complaint, he alleges that Sergeant Melton and other correctional officers, including Joe Binder, used unconstitutional excessive force during the physical altercation in C dorm, as well as during the subsequent physical altercation in the Donaldson infirmary. *Id.* at ¶¶ 29–31.

2.      On April 27, 2022, Albert L. Jordan and other attorneys at the Wallace, Jordan, Ratliff & Brandt, LLC law firm entered an appearance on behalf of Sergeant Melton.  By agreement with Plaintiff's counsel, and by order of this Court, Sergeant Melton's answer is due June 3, 2022. (Doc. 16).

3.      Former Correctional Officer Defendant, Joe Binder ("Defendant Binder"), is party to a parallel proceeding relating to these events before the Alabama State Personnel Board ("Board"). *See* Case No. 21-20-RCS.  Defendant Binder has appealed his termination from ADOC related, in part, to the aforementioned events occurring at Donaldson on January 30, 2021.

4.      On February 10, 2022, ADOC with the Board filed a Motion to Stay Defendant Binder's Employment Action, Pending Resolution of Criminal Investigation.  *See* Ex. A, attached hereto.  In that motion, ADOC stated the following facts:

> This dismissal stems from a two part incident that occurred on January 30, 2021, at Donaldson Correctional Facility.  In the first part of the incident, multiple inmates attacked multiple officers in an inmate housing unit.  Mr. Binder, himself, was assaulted by an inmate with a weapon.  During this first part of the incident, Mr. Binder was found to have used force appropriately to defend himself and other officers.  The second part of the incident occurred *after* order was restored and the implicated inmates were being seen or were waiting to be seen in the infirmary.  Mr. Binder has been charged with violating ADOC policies during the second incident, namely by participating in a multi-officer assault on an inmate involved in the attack on Mr. Binder and other officers.
>
> **The district attorney of Jefferson County, Bessemer Division, has the case against Mr. Binder <u>and other officers who participated in this assault,</u> to present to the grand jury.**  The investigation into this matter and the subsequent reports of the ADOC's law enforcement services division are the basis not only of Binder's dismissal but also this criminal investigation.

*Id.* p. 1–2 (emphasis added).  ADOC also included the following footnote in its Motion to Stay:

> The undersigned cannot imagine it would be in Binder's best interest to prosecute his employment appeal before the criminal charge is resolved. First, ADOC's cross-examination of Binder at the employment hearing would create **a "target-rich environment" of potentially inconsistent statements that the district attorney**

**could present to the grand jury or introduce at the criminal trial**, even if Binder
refuses to take the stand there.  Of course, Binder could assert his Fifth Amendment
rights at the employment hearing, but, if he did so, the court would be entitled to
draw a negative inference about his testimony for purposes of the employment
hearing. *Fletcher v. Zellmer*, 909 F.Supp. 678, 682 (D. Minn. 1995), aff'd, 105 F.3d
662 (8th Cir. 1997) (recognizing that "if Fletcher had plead the Fifth and refused to
answer the MNAG's request for admissions the fact-finder in the civil case would
have been entitled to draw negative inferences").  Finally, answering ADOC's
questions about the matters involved here **could also later be deemed to be a
waiver of his Fifth Amendment rights**, such that Binder could be forced to testify
at his criminal trial.

*Id.* at p. 2, fn. 1 (emphasis added).

5.    In light of these representations by ADOC to the Board, the Board stayed its
proceedings.  Thereafter, Defendant Binder appealed that ruling to Montgomery County Circuit
Court.  During those proceedings —**and just over three (3) months ago** – ADOC represented to
the Montgomery County Circuit Court that "**the criminal investigation is still pending against
petitioner [Binder], and the case will be presented to the grand jury**." *See* Ex. B, attached hereto
(emphasis added).

6.    In light of these Court filings by ADOC counsel, it appears that the incidents giving
rise to Plaintiff's claims in the present lawsuit are the subject of an active criminal investigation that
will be eminently before the Grand Jury.  Because Defendant Melton is one of the "other officers"
who is alleged to have been involved in Inmate's Moore's physical altercation at Donaldson, and the
Jefferson County District Attorney is investigating those "other officers" as well, Defendant Melton
respectfully requests that the Court stay all proceedings until final resolution of the criminal
investigation.

7.    "[A] District Court has broad discretion to stay proceedings as an incident to its
power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N.
Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the causes on its docket with economy of time

and effort for itself, for counsel, and for litigants."). A court should stay a civil proceeding pending

resolution of a related criminal proceeding when special circumstances warrant in the interest of

justice. *United States v. Lot 5, Fox Grove, Alachua Ct., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994)

(citing *United States v. Kordel*, 397 U.S. 1, 12 & n.27 (1970)). To determine whether "special

circumstances" exist, courts consider six factors in balancing the interests of the parties, the courts,

and the public:

> (1)     the extent to which the issues in the criminal case overlap with those presented in the civil case;
>
> (2)     the status of the case, including whether the defendants have been indicted;
>
> (3)     the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;
>
> (4)     the private interests of and burden on the defendants;
>
> (5)     the interests of the courts; and
>
> (6)     the public interest.

*Abrams v. Tuberville*, No. 3:12-cv-MHT, 2013 WL 842710, at *3 (M.D. Ala. Mar. 6, 2013). These

factors are not mechanically applied, but rather, a court should balance the competing considerations

and make an individual inquiry tailored to the particular circumstances of each case. *Id.*

> **A.**    **The Criminal Investigation Involves the Overlapping Events and Some Identical Facts.**

"[T]he similarity of issues in the underlying civil and criminal actions is considered the most

important threshold issue in determining whether to grant a stay." *Doe 1 v. City of Demopolis*, No.

CIV A 09-0329-WS-N, 2009 WL 2059311, at *3 (S.D. Ala. Jul. 10, 2009); *see S.W. v. Clayton Cty.

Pub. Sch.*, 185 F. Supp. 3d 1366, 1372 (N.D. Ga. 2016) ("The overlap between the issues in the

criminal and civil cases is of paramount importance because absent overlap, there is no need for a stay.") (citations omitted).

The ADOC's representations to the Alabama State Personnel Board and the Montgomery County Circuit Court indicate that there is an open criminal investigation by the Jefferson County, Bessemer Division.  That investigation concerns the incidents which occurred at Donaldson on January 30, 2021, during and after an inmate assault on various correctional officers.[1]  Those are the very same facts which form the basis of Inmate Moore's  present case alleging unconstitutional use of force by the correctional officer defendants.  With respect to Defendant Sergeant Melton, Inmate Moore alleges in this lawsuit that "Defendants Binder, Brown [sic], **Melton**, and Griffin approached Plaintiff and delivered additional blows to Plaintiff's head and body with batons."  *See* Complaint (Doc. 1, ¶ 18) (emphasis added).  Inmate Moore further alleges that he suffered bodily injuries as a result of baton blows.  *Id.* at  ¶ 24.

Accordingly, there is substantial overlap between this civil proceeding and criminal proceedings related to Moore's injuries, warranting a stay of the civil action at this time.

### B.     As of Three Months Ago, the Criminal Investigation was Still Active.

The second factor concerns the status of the criminal proceedings.  The "strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter."  *Sec. & Exch. Comm'n v. Dresser Indus., Inc*., 628 F.2d 1368, 1375–76 (D.C. Cir. 1980).

---

[1] The facts of this case will ultimately show that Inmate Moore assaulted Correctional Officer Daryl Brown with an prison-made axe/machete.  Officer Brown suffered a horrible head wound from this weapon, which left his skull visible.  During this attack, an inmate also stabbed Officer Joe Binder with a prison-made ice pick-type weapon.  Both Officers Brown and Binder survived these wounds but required medical treatment.

Melton has not been indicted for his conduct during the subject incident.  However, as recently **as three (3) months ago**, ADOC represented to the Montgomery County Circuit Court that "**the criminal investigation is still pending against petitioner, and the case will be presented to the grand jury**." *See* Ex. B (emphasis added).  As discussed, Melton is one of the correctional officers being criminally investigated.  Although the incident happened over a year ago, the Jefferson County criminal docket is known to be back-logged as a result of COVID delays suffered over the past two years.  The absence of an indictment should not prevent the stay of this action.  Given the spectre of an active criminal investigation, Melton should not be troubled with the burden of filing a comprehensive answer, wherein he must admit or deny numerous facts relating to the incident.  Nor should he be required to execute verified interrogatory or request for admission responses.  The same holds true for sworn testimony at deposition or at trial of this matter.  If not stayed, the civil proceeding "might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *Dresser Indus., Inc.*, 628 F.2d at 1375–76.

This factor also balances in favor of a stay to avoid prejudice to Melton from proceeding with this civil action while a criminal investigation and Grand Jury proceeding is looming, based on the same facts.

**C.    Plaintiff will Not be Unduly Prejudiced by a Stay.**

The third factor, which requires this Court to evaluate the Plaintiff's interest in proceeding expeditiously with the prejudice from a delay, also weighs in favor of a stay.  First, the relief requested by Inmate Moore in this action is monetary in nature.  The criminal proceedings, however, are penal in nature — serving the public policy goal of determining if the circumstances warrant a

conviction and therefore punishment of some kind.  Inmate Moore is currently incarcerated, so he will not be prejudiced by a brief delay while the criminal charge is resolved.

Furthermore, Inmate Moore filed this lawsuit on February 18, 2022, over a year after the incident occurred.  A brief stay to allow Melton's criminal investigation and proceedings to conclude will not unduly prejudice Plaintiff.[2]

In addition, proceeding now before the conclusion of the criminal proceedings could cause the Inmate Moore and the Defendants to needlessly expend resources on discovery that might duplicate the discovery in the criminal case or may otherwise be unfruitful due to invocation of Fifth Amendment privileges against self-incrimination that will apply to discovery sought from Melton. *See Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)) (explaining that the Fifth Amendment "not only protects [an] individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.").

The Plaintiff will not be unduly burdened by a brief stay of this civil case while the criminal matter is concluded.

### D.    Melton Would be Severely Prejudiced if the Case Were to Proceed.

As previously discussed, proceeding against Melton in this civil action before the resolution of the criminal investigation and proceedings against him would cause severe undue prejudice. Given the imminent Grand Jury proceedings, it is impossible for Melton to meaningfully participate

---

[2] It is noteworthy that Melton makes this motion early in this proceeding, before the parties incurred significant expenses and engaged in time-consuming discovery. *See Prosper v. Martin*, 239 F. Supp. 3d 1347, 1349–50 (S.D. Fla. 2017) (granting defendant's motion to stay which was presented at earliest stage following service of complaint).

in discovery, including interrogatory and request for admission responses, deposition testimony, and even filing a meaningfully accurate answer. To do so would raise serious issues concerning Melton's invocation of the Fifth Amendment privilege against self-incrimination. *See, e.g., National Acceptance Co. of America v. Bathalter*, 705 F.2d 924, 932 (7th Cir. 1983). Furthermore, what Melton saw, heard, understood, and contemplated, as well as how he responded to these observations and thoughts during the incidents will be central issues in this civil action, but he cannot proceed with his defense without it potentially being used against him in the criminal charge. *See Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir.2013); Ala. Code §§ 13A-2-2, 13A-6-3. Melton has a constitutional right not to testify as to his observations and thinking, when that testimony could be used against him in a parallel criminal proceeding. *See Baxter*, 425 U.S. at 316. Accordingly, forcing Melton to participate in discovery now will not yield any useful information while unduly burdening him.

E.   **A Stay will Conserve Judicial Resources and Promote the Public's Interest in Protecting Constitutional Rights, as Well as in Resolving Cases on Their Merits.**

"Although promptness in judicial administration is highly desirable, delay may sometimes be necessary to the mission of doing justice. We are all too often reminded that 'justice delayed is justice denied.' But, it is equally true that in some situations, 'justice rushed is justice crushed.'" *McMullen v. Bay Ship Mgmt.*, 335 F.3d 215, 219 (3d Cir. 2003) (citations omitted); *see also Ungar v. Sarafite*, 376 U.S. 575, 589 (1964) ("[A] myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality."); *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should

give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims and liabilities.").

A stay would promote rather than hinder the interests of this Court, the public, and persons not parties to this action. A stay would give this Court, the Parties, and Melton the benefit of a resolution of the criminal investigation and any subsequent proceedings, which would provide for a more efficient, fair, and cost-effective resolution of this civil case. The public also has a strong interest in permitting the Jefferson County District Attorney to prosecute any potential case in the ordinary course of business. Additionally, the public has a strong interest in the protection of the Fifth Amendment right against self-incrimination and in resolving cases on their merits. A stay would therefore serve the interests of the Court, third parties, and the public in general. *See Prosper*, 239 F. Supp. 3d at 1349.

**F.    A Stay Would Protect the Integrity of the Potential Criminal Prosecution.**

Both the Court system and the public have a mutual interest protecting the integrity of a Grand Jury investigation and any potential subsequent indictment(s). *See Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F. Supp. 2d 935, 941 (N.D. Ill. 2002) (citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1062)). As such, Courts should protect any pending criminal investigation and "ensur[e] that the criminal process can proceed untainted by civil litigation." *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008). A stay of this action helps protect the integrity of any criminal proceeding, including the pending Grand Jury investigation.

## CONCLUSION

There presently is an open criminal investigation of Defendant Sergeant Melton, as well as other correctional officers involved in the incidents made the basis of this action. According to ADOC's representations to the Montgomery County Circuit Court, this matter **will** go before the Jefferson County, Bessemer Division Grand Jury. Accordingly, Defendant Sergeant Melton respectfully requests a stay of this civil case until any criminal charges against him are resolved.

The Parties can periodically provide the Court with status updates as to the criminal proceedings during the stay.

The undersigned has discussed the proposed stay with the Parties. None of the named Defendants opposes the requested stay. Inmate Moore's counsel does, however, oppose the stay.

Respectfully submitted this 2nd day of June, 2022.

*/s/ Thomas A. McKnight, Jr.*
Albert L. Jordan
bjordan@wallacejordan.com
Thomas A. McKnight, Jr.
tmcknight@wallacejordan.com
M. Alexandra Underwood
aunderwood@wallacejordan.com
Attorneys for Defendant Cordaro Melton

**OF COUNSEL:**

**WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.**
Post Office Box 530910
Birmingham, AL 35253
Voice: (205) 870-0555
Fax: (205) 871-7534

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2022, I electronically field the foregoing Motion to Stay Proceedings with the Clerk of the Court using the CM/ECF e-filing system, which will send notification of this filing to all counsel of record. :

Leroy Maxwell, Jr.
Austin Russell
Maxwell & Tillman
2326 2nd Avenue North
Birmingham, Alabama 35203
maxwell@mxlawfirm.com
arussell@mxlawfirm.com

Terri Olive Tompkins
Christian Alexandra Montgomery
Rosen Harwood
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
ttompkins@rosenharwood.com
amontgomery@rosenharwood.com

Richard Rice
The Rice Firm LLC
115 Richard Arrington Jr. Blvd N.
Birmingham, AL 35203

Philip Piggott
Webster Henry
Two Perimeter Park, Suite 445 E
Birmingham, AL 35243
pgp@websterhenry.com

Tara S. Hetzel
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
tara.hetzel@alabamaag.gov

*/s/ Thomas A. McKnight, Jr.*
Of Counsel