IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **EPHAN MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 2:22-CV-00219-RDP |
| | ) | |
| **JOE BINDER,** | ) | **OPPOSED** |
| **CORDARO MELTON, and** | ) | |
| **GEOFFREY GRIFFIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT JOE BINDER'S MOTION TO STAY

Defendant Joe Binder ("Binder"), through his undersigned counsel, respectfully requests that this Honorable Court temporarily stay this civil action pending the resolution of the criminal investigation into this matter and in support thereof states as follows:

1.  On February 18, 2022, Plaintiff Ephan Moore ("Plaintiff") filed this lawsuit against Correctional Officer Joe Binder and others alleging that, on January 30, 2021, Binder used excessive force and assaulted and battered Plaintiff, subjecting him to substantial physical injuries. (Doc. 1, ¶¶ 27-34, 42-51).

2.  Plaintiff alleges that this action stems from two incidents on January 30, 2021, at Donaldson Correctional Facility. (Doc. 1, ¶¶ 9-25). The first incident allegedly involved multiple inmates within an inmate housing unit. (Doc. 1, ¶¶ 13-16). The second incident allegedly occurred after order was restored and Plaintiff was relocated to the infirmary. (Doc. 1, ¶¶ 17-18). This incident resulted in Binder being charged with violating ADOC policies.

3.  Former Correctional Officer Defendant Joe Binder ("Binder") is a party to a parallel proceeding relating to these events before the Alabama State Personnel Board ("Board"). See

1

Case No. 21-20-RCS. Binder has appealed his termination from ADOC related, in part, to the aforementioned events occurring at Donaldson on January 30, 2021.

4. On February 10, 2022, ADOC with the Board filed a Motion to Stay Binder's Employment Action, Pending Resolution of Criminal Investigation. (ADOC's Motion to Stay is attached hereto as Exhibit A). In that motion, ADOC stated the following facts:

> This dismissal stems from a two part incident that occurred on January 30, 2021, at Donaldson Correctional Facility. In the first part of the incident, multiple inmates attacked multiple officers in an inmate housing unit. Mr. Binder, himself, was assaulted by an inmate with a weapon. During this first part of the incident, Mr. Binder was found to have used force appropriately to defend himself and other officers. The second part of the incident occurred *after* order was restored and the implicated inmates were being seen or were waiting to be seen in the infirmary. Mr. Binder has been charged with violating ADOC policies during the second incident, namely by participating in a multi-officer assault on an inmate involved in the attack on Mr. Binder and other officers.
>
> **The district attorney of Jefferson County, Bessemer Division, has the case against Mr. Binder <u>and other officers who participated in this assault</u>, to present to the grand jury.** The investigation into this matter and the subsequent reports of the ADOC's law enforcement services division are the basis not only of Binder's dismissal but also this criminal investigation.

Id. at pp. 1–2 (emphasis added). ADOC also included the following footnote in its Motion to Stay:

> The undersigned cannot imagine it would be in Binder's best interest to prosecute his employment appeal before the criminal charge is resolved. First, ADOC's cross-examination of Binder at the employment hearing would create **a "target-rich environment" of potentially inconsistent statements that the district attorney could present to the grand jury or introduce at the criminal trial**, even if Binder refuses to take the stand there. Of course, Binder could assert his Fifth Amendment rights at the employment hearing, but, if he did so, the court would be entitled to draw a negative inference about his testimony for purposes of the employment hearing. Fletcher v. Zellmer, 909 F. Supp. 678, 682 (D. Minn. 1995), *aff'd*, 105 F.3d 662 (8th Cir. 1997) (recognizing that "if Fletcher had plead the Fifth and refused to answer the MNAG's request for admissions the fact-finder in the civil case would have been entitled to draw negative inferences").Finally, answering ADOC's questions about the matters involved here **could also later be deemed to be a waiver of his Fifth Amendment rights**, such that Binder could be forced

2

to testify at his criminal trial.

Id. at p. 2 n. 1 (emphasis added).

5.  In light of these representations by ADOC to the Board, the Board stayed its proceedings. Thereafter, Binder appealed that ruling to Montgomery County Circuit Court. During those proceedings —and just over three (3) months ago – ADOC represented to the Montgomery County Circuit Court that "the criminal investigation is still pending against petitioner [Binder], and the case will be presented to the grand jury." (ADOC's Motion to Dismiss attached hereto as Exhibit B).

6.  Counsel for Binder confirmed with counsel for ADOC on June 3, 2022 that the criminal investigation is ongoing and has not been concluded.

7.  Binder's responsive pleading in the present action is due to be filed on June 10, 2022. Additionally, this Court's May 18, 2022 Initial Order (Doc. 14) establishes important deadlines for this case, such as the parties' Rule 26 planning meeting to arrange discovery and substantive motion deadlines, which cannot be met while the criminal investigation is underway and while the ADOC investigative file is privileged and unavailable for use in this civil case.

8.  Accordingly, Binder respectfully requests that the Court stay all proceedings until final resolution of the criminal investigation.

## ARGUMENT

"[I]t is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393–94 (2007); see also S.E.C. v. HealthSouth Corp., 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003) ("No question exists that [a district] court has the power to stay a civil proceeding due to an active, parallel criminal investigation."). A court should stay a civil

proceeding pending resolution of a related criminal proceeding when special circumstances warrant in the interest of justice. See United States v. Lot 5, Fox Grove, Alachua Ct., Fla., 23 F.3d 359, 364 (11th Cir. 1994) (citing United States v. Kordel, 397 U.S. 1, 12 n.27 (1970)). To determine whether "special circumstances" exist, courts consider six factors in balancing the interests of the parties, the courts, and the public:

(1) the extent to which the issues in the criminal case overlap with those presented in the civil case;

(2) the status of the case, including whether the defendants have been indicted;

(3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

(4) the private interests of and burden on the defendants;

(5) the interests of the courts; and

(6) the public interest.

Abrams v. Tuberville, No. 3:12cv177-MHT, 2013 WL 842710, at *3 (M.D. Ala. Mar. 6, 2013). These factors are not mechanically applied, but rather, a court should balance the competing considerations and make an individual inquiry tailored to the particular circumstances of each case. See id.

### A. The ongoing criminal investigation involves overlapping events and some identical facts to the present civil case.

"The degree to which the issues in the simultaneous civil and criminal proceedings overlap is the most important threshold issue in deciding whether the court should stay the civil proceeding." S.E.C., 261 F. Supp. 2d at 1326; see also S.W. v. Clayton Cty. Pub. Schs., 185 F. Supp. 3d 1366, 1372 (N.D. Ga. 2016) ("The overlap between the issues in the criminal and civil cases is of paramount importance because absent overlap, there is no need for a stay.") (citations

omitted).

Here, there is significant overlap between the criminal investigation and this case asserting civil claims over the same incident. The ADOC's representations to the Alabama State Personnel Board, to the Montgomery County Circuit Court, and to counsel for Binder, indicate that there is an open criminal investigation by the Jefferson County, Bessemer Division. That investigation concerns the incidents which occurred at Donaldson on January 30, 2021, during and after an inmate assault on various correctional officers.[1] Those are the very same facts which form the basis of Plaintiff's present case alleging unconstitutional use of force by the correctional officer defendants. With respect to Binder, Plaintiff alleges in this lawsuit that "Defendants **Binder**, Brown [sic], Melton, and Griffin approached Plaintiff and delivered additional blows to Plaintiff's head and body with batons." (Doc. 1, ¶ 18) (emphasis added). Plaintiff further alleges that he suffered bodily injuries as a result of baton blows. *(*Doc. 1, ¶ 24).

The substance of the civil case and the criminal investigation revolve around a common nucleus of disputed facts regarding the alleged excessive force involving Binder. Accordingly, there is substantial overlap between this civil proceeding and criminal proceedings related to Plaintiff's injuries, warranting a stay of the civil action at this time. See e.g. EMC Prop. and Cas. Co., 2015 WL 3554737, at *2.

---

[1] The facts of this case will ultimately show that Inmate Moore assaulted Correctional Officer Daryl Brown with a prison-made axe/machete. Officer Brown suffered a horrible head wound from this weapon, which left his skull visible. During this attack, an inmate also stabbed Officer Joe Binder with a prison-made ice pick-type weapon. Both Officers Brown and Binder survived these wounds but required medical treatment.

### B. The criminal investigation is still active.

The second factor concerns the status of the criminal proceedings. The "strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." Sec. & Exch. Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375–76 (D.C. Cir. 1980).

As recently as three (3) months ago, ADOC represented to the Montgomery County Circuit Court that "the criminal investigation is still pending against petitioner, and the case will be presented to the grand jury." (Exhibit B). Counsel for Binder confirmed with counsel for ADOC on June 3, 2022 that the criminal investigation is ongoing and has not been concluded.

As discussed, Binder is one of the correctional officers being criminally investigated. Although the incident happened over a year ago, the docket of the Jefferson County District Attorney's Office, Bessemer Division, is known to be back-logged as a result of COVID delays suffered over the past two years. The absence of an indictment should not prevent the stay of this action. Because there is an active criminal investigation, Binder should not be troubled with the burden of filing a comprehensive answer, wherein he must admit or deny numerous facts relating to the incident nor should he be required to execute verified interrogatory or request for admission responses. The same holds true for sworn testimony at deposition or at trial of this matter. If not stayed, the civil proceeding "might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." Dresser Indus., Inc., 628 F.2d at 1376.

This factor also balances in favor of a stay to avoid prejudice to Binder from proceeding with

this civil action while a criminal investigation and Grand Jury proceeding is looming, based on the same facts.

### C. Plaintiff will not be unduly prejudiced by a stay.

The third factor, which requires this Court to evaluate the Plaintiff's interest in proceeding expeditiously with the prejudice from a delay, also weighs in favor of a stay. First, the relief requested by Plaintiff in this action is monetary in nature. The criminal proceedings, however, are penal in nature — serving the public policy goal of determining if the circumstances warrant a conviction and therefore punishment of some kind. Inmate Moore is currently incarcerated, so he will not be prejudiced by a brief delay while the criminal charge is resolved.

Furthermore, Plaintiff filed this lawsuit on February 18, 2022, over a year after the incident occurred. A brief stay to allow the criminal investigation and proceedings to conclude will not unduly prejudice Plaintiff.[2]

### D. Binder would be severely prejudiced if this case were to proceed.

As previously discussed, proceeding against Binder in this civil action before the resolution of the criminal investigation and proceedings against him would cause severe undue prejudice. Given the imminent Grand Jury proceedings, it is impossible for Binder to meaningfully participate in discovery, including interrogatory and request for admission responses, deposition testimony, and even filing a meaningfully accurate answer. As stated above, to do so would raise serious issues concerning Binder's invocation of the Fifth Amendment privilege against self-incrimination. See S.E.C., 261 F. Supp. 2d at 1316. Furthermore, what Binder saw, heard, understood, and

---

[2] It is noteworthy that Binder makes this motion early in this proceeding, before the parties incurred significant expenses and engaged in time-consuming discovery. See Prosper v. Martin, 239 F. Supp. 3d 1347, 1349–50 (S.D. Fla. 2017) (granting defendant's motion to stay which was presented at earliest stage following service of complaint).

contemplated, as well as how he responded to these observations and thoughts during the incidents will be central issues in this civil action, but he cannot proceed with his defense without it potentially being used against him in the criminal charge. See Goodman v. Kimbrough, 718 F.3d 1325, 1331-32 (11th Cir. 2013); ALA. CODE §§ 13A-2-2, 13A-6-3. Binder has a constitutional right not to testify as to his observations and thinking, when that testimony could be used against him in a parallel criminal proceeding. See Baxter, 425 U.S. at 316. Accordingly, forcing Binder to participate in discovery now will not yield any useful information while unduly burdening him.

### E. A stay will conserve judicial resources and promote the public's interest in protecting constitutional rights, as well as in resolving cases on their merits.

"Although promptness in judicial administration is highly desirable, delay may sometimes be necessary to the mission of doing justice. We are all too often reminded that 'justice delayed is justice denied.' But, it is equally true that in some situations, 'justice rushed is justice crushed.'" McMullen v. Bay Ship Mgmt., 335 F.3d 215, 219 (3d Cir. 2003) (citations omitted); see also Ungar v. Sarafite, 376 U.S. 575, 589 (1964) ("[A] myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality."); Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962) ("Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims and liabilities.").

A stay would promote rather than hinder the interests of this Court, the public, and persons not parties to this action. A stay would give this Court, the Parties, and Binder the benefit of a resolution of the criminal investigation and any subsequent proceedings, which would provide for a more efficient, fair, and cost-effective resolution of this civil case. The public also has a strong

interest in permitting the Jefferson County (Bessemer Division) District Attorney to prosecute any potential case in the ordinary course of business. Additionally, the public has a strong interest in the protection of the Fifth Amendment right against self-incrimination and in resolving cases on their merits. A stay would therefore serve the interests of the Court, third parties, and the public in general. See Prosper, 239 F. Supp. 3d at 1349.

### F. A stay would protect the integrity of the potential criminal prosecution.

Both the Court system and the public have a mutual interest protecting the integrity of a Grand Jury investigation and any potential subsequent indictment(s). See Benevolence Int'l Found., Inc. v. Ashcroft, 200 F. Supp. 2d 935, 941 (N.D. Ill. 2002) (citing Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962)). As such, Courts should protect any pending criminal investigation and "ensur[e] that the criminal process can proceed untainted by civil litigation." Chagolla v. City of Chicago, 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008). A stay of this action helps protect the integrity of any criminal proceeding, including the pending Grand Jury investigation.

### G. The ongoing criminal investigation raises constitutional issues involving Binder's Fifth Amendment right against self-incrimination.

A pending criminal investigation implicates Binder's Fifth Amendment rights. Binder should not be forced to choose between defending against Plaintiff's civil case and asserting his Fifth Amendment right while there is an ongoing parallel criminal investigation over the same matter. See S.E.C., 261 F. Supp. 2d at 1316 (defendant "placed in the precarious position of either waiving his Fifth Amendment rights and defending himself in the matter before this court, or asserting the privilege and probably losing this civil proceeding"); Baxter, 425 U.S. at 316 (quoting Lefkowitz v. Turley, 414 U.S. 70, 77 (1973)) (explaining that the Fifth Amendment "not only protects [an] individual against being involuntarily called as a witness against himself in a criminal

prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.").

**H.  Staying this case pending the criminal investigation will promote efficiency.**

In addition, allowing the criminal investigation to conclude may very well serve to clarify or narrow the issues and reduce litigation expenses in this civil case. The interests of efficiency and conservation of scarce judicial resources weigh in favor of allowing the criminal investigation to run its course before the parties embark on time consuming and expensive discovery that, in all likelihood, will have to be duplicated once the criminal matter is concluded. See EMC Property and Cas. Co., 2015 WL 3554737, at *4; see also Prosper v. Martin, 239 F. Supp. 3d 1347, 1349 (S.D. Fla. 2017) (temporarily staying § 1983 wrongful death case where the investigative file regarding the incident was privileged and the parties could not complete discovery during the pendency of the state criminal investigation); Young v. Miami-Dade Cty., 217 F. Supp. 3d 1353, 1355-56 (S.D. Fla. 2016) (granting temporary stay while the state attorney general investigated an alleged assault of a county inmate). The public interest is served by allowing the government to conclude the criminal process in the ordinary course of business, protecting the Fifth Amendment right against self-incrimination, and resolving cases on the merits.

## CONCLUSION

WHEREFORE, premises considered, based on the special circumstances and in the interest of justice, Binder requests this Honorable Court enter a temporary stay of this civil action pending the resolution of the criminal investigation based on the same incident made the basis of this lawsuit.

Status reports can continue to be provided on a periodic basis as this Court deems appropriate regarding the status of the criminal investigation.

The undersigned has discussed the proposed stay with the Parties. None of the named Defendants opposes the requested stay. Plaintiff's counsel does, however, oppose the stay.

Respectfully submitted,

TERRI OLIVE TOMPKINS
CHRISTIAN ALEXANDRA MONTGOMERY

***/s/ TERRI OLIVE TOMPKINS***
Attorneys for Defendant Joe Binder
Rosen Harwood, P.A.
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
Telephone: (205) 344-5000
ttompkins@rosenharwood.com
amontgomery@rosenharwood.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading or paper has been served upon:

Leroy Maxwell, Jr.
Austin Russell
Maxwell & Tillman
2326 2nd Avenue North
Birmingham, AL 35203

Richard Rice
The Rice Firm, LLC
420 20th Street North Suite 2200
Birmingham, AL 32503

Tara S. Hetzel
Deputy Attorney General
Office of the Attorney General
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130

Albert L. Jordan
Thomas A. McKnight, Jr.
M. Alexandra Underwood
Wallace, Jordan, Ratliff & Brandt, LLC
800 Shades Creek Parkway Suite 400
Birmingham, AL 35209

on this 8th day of June 2022, by electronically filing, delivering a copy to each, by mailing a copy to each by first class United States Mail, postage prepaid, addressed to them at their last known address or, if no address is known, by leaving it with the Clerk of this Court.

*/s/ TERRI OLIVE TOMPKINS*
Attorney for Defendant Joe Binder