# Exhibit A

DOCUMENT 9
Case 2:22-cv-00219-RDP-NAD   Document 23-1   Filed 06/08/22   Page 2 of 6

ELECTRONICALLY FILED
2/10/2022 11:03 AM
03-CV-2021-900868.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

ALJ:_____ RCS ✓ JJW____ AHH____
NOTE:_____

## BEFORE THE ALABAMA
## STATE PERSONNEL BOARD
## IN THE MATTER OF

| | |
|---|---|
| JOE BINDER, | ) |
| Appellant, | ) ) ) |
| v. | ) CASE NO. 21-20-RCS |
| ALABAMA DEPARTMENT OF CORRECTIONS, | ) ) ) ) |
| Appellee. | ) |

## MOTION TO STAY THIS EMPLOYMENT ACTION
## PENDING RESOLUTION OF CRIMINAL INVESTIGATION

Comes now the Alabama Department of Corrections ("ADOC") and moves to stay the Employee's appeal of his dismissal until after the resolution of the criminal investigation into this matter.

This dismissal stems from a two-part incident that occurred on January 30, 2021, at Donaldson Correctional Facility. In the first part of the incident, multiple inmates attacked multiple officers in an inmate housing unit. Mr. Binder himself was assaulted by an inmate with a weapon. During this first part of the incident, Mr. Binder was found to have used force appropriately to defend himself and other officers.

The second part of the incident occurred *after* order was restored and the implicated inmates were being seen or were waiting to be seen at the infirmary. Mr. Binder has been charged with violating ADOC policies during this second incident, namely by participating in a multi-officer assault on an inmate involved in the attack on the Mr. Binder and the other officers.

The District Attorney of Jefferson County, Bessemer Division, has the case against Mr. Binder and other officers who participated in this assault, to present to the grand jury. The

1


EXHIBIT A.

investigation into this matter and the subsequent reports of the ADOC's Law Enforcement Services Division (LESD) are the basis not only of Binder's dismissal but also this criminal investigation. Due to investigatory privilege, ADOC should not have to produce, nor disclose, its LESD file contents on Mr. Binder. Therefore, the ADOC moves to stay this employment appeal until the criminal action is resolved.[1]

## ARGUMENT

### Open and/or pending investigative files are privileged, should remain confidential.

The law enforcement privilege is designed to foster the confidentiality necessary for on-going criminal investigations. Disclosure of these files could compromise those investigations, and the Employee has demonstrated no need to have access to these files.

The law enforcement privilege exists to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988) (citations omitted); *accord In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569 n.1 (5th Cir. 2006). To decide whether the privilege applies, a court "must balance 'the government's interest in confidentiality against the litigant's need for the [information].'" *In re U.S. Dep't of*

---

[1] The undersigned cannot imagine it would be in Binder's best interest to prosecute his employment appeal before the criminal charge is resolved. First, ADOC's cross-examination of Binder at the employment hearing would create a "target-rich environment" of potentially inconsistent statements that the district attorney could present to the grand jury or introduce at the criminal trial, even if Binder refuses to take the stand there. Of course, Binder could assert his Fifth Amendment rights at the employment hearing, but, if he did so, the court would be entitled to draw a negative inference about his testimony for purposes of the employment hearing. *Fletcher v. Zellmer*, 909 F. Supp. 678, 682 (D. Minn. 1995), aff'd, 105 F.3d 662 (8th Cir. 1997) (recognizing that "if Fletcher had plead the Fifth and refused to answer the MNAG's request for admissions the fact-finder in the civil case would have been entitled to draw negative inferences"). Finally, answering ADOC's questions about the matters involved here could also later be deemed to be a waiver of his Fifth Amendment rights, such that Binder could be forced to testify at his criminal trial.

*Homeland Sec.*, 459 F.3d at 570 (*quoting Coughlin v. Lee*, 946 F.2d 1152, 1160 (5th Cir. 1991)). In making this determination, a number of courts weigh the ten factors developed in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973). *See, e.g., In re U.S. Dep't of Homeland Sec.*, 459 F.3d at 570; *Tuite v. Henry*, 98 F.3d 1411, 1417 (D.C. Cir. 1996). These factors are:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case.

*Hickey*, 2008 WL 450561 at *4-*5 (*quoting Frankenhauser*, 59 F.R.D. at 344). *See also, e.g., Dellwood Farms v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997) (recognizing "law enforcement investigatory privilege"); *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) ("Federal common law recognizes a qualified privilege protecting investigative files in an ongoing criminal investigation."); *In re Department of Investigation*, 856 F.2d 481, 483-84 (2d Cir. 1988) (stating that the law enforcement privilege exists and prevents the "disclosure of law enforcement techniques and procedures, [preserves] the confidentiality of sources, [protects] witnesses and law enforcement personnel, [safeguards] the privacy of individuals involved in an investigation, and otherwise [prevents] interference with an investigation"); *United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981) (stating that the "law enforcement investigative privilege is based primarily on the harm to law enforcement efforts which might arise from public disclosure of investigatory files") (internal quotation marks and ellipse omitted); *Tuite v. Henry*, 181 F.R.D. 175, 176-77 (D.

3

D.C. 1998) ("The federal law enforcement privilege is a qualified privilege designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement. [It] serves to preserve the integrity of law enforcement techniques and confidential sources, protects witnesses and law enforcement personnel, safeguards the privacy of individuals under investigation, and prevents interference with investigations."), aff'd, 203 F.3d 53 (D.C. Cir. 1999) (Table).

It is also the public policy of Alabama, as set out in both the Alabama Code and ADOC administrative regulation, to prevent disclosure of information relating to on-going or pending criminal investigations. Alabama Code Section 12-21-3.1 provides that, "[n]either law enforcement investigative reports nor the testimony of a law enforcement officer may be subject to a civil or administrative subpoena except as provided in subsection (c). . . .. (c) Under no circumstance may a party to a civil or administrative proceeding discover material which is not authorized discoverable by a defendant in a criminal matter. . . . Such discovery order may be issued by a court of record upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Further, regardless of the status of the case internally, cases are not considered fully closed until such time as there is a final resolution with any pending or potential criminal matter. (*See Ala. Code* Section 12-21-3.1).

WHEREFORE, the Employer moves that the Court stay the employment appeal pending resolution of the potential criminal action against the Employee.

                                              Respectfully submitted,
                                              Carrie Ellis McCollum (ELL037)
                                              General Counsel

/s/ Carrie G. Shaw
Carrie G. Shaw (GRA133)
Assistant Attorney General

**OF COUNSEL:**
**Alabama Department of Corrections**
**301 South Ripley Street**
**P.O. Box 301501**
**Montgomery, Alabama 36130-1501**
**(334) 353-3886**
**Carrie.shaw@doc.alabama.gov**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon the following counsel for the Appellant:

Scott Morrow
morrolawcenter@bellsouth.net
(via e-mail transmission)

On this, the 21st day of July, 2021.

/s/ Carrie G. Shaw
Carrie G. Shaw
Assistant Attorney General