IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EPHAN MOORE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:22-cv-00219-RPD |
| JOSEPH BINDER, CORDARO MELTON, and GEOFFREY GRIFFIN, | ) |
| Defendants. | ) |

### PLAINTIFF'S RESPONSE TO DEFENDANT CORDARO MELTON'S MOTION TO STAY

COMES NOW, Plaintiff, Ephan Moore, by and through undersigned counsel, and respectfully requests this Honorable Court to deny Defendant Cordaro Melton's Motion To Stay Proceedings. In support of Plaintiff's response, Plaintiff states the following:

District Courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Therefore, a court "should stay a civil proceeding pending resolution of a related criminal prosecution only when special circumstances so require in the interests of justice." *United States v. Lot 5*, 23 F.3d at 364. In determining whether special circumstances exist, courts consider the following six factors in balancing the interests of the parties, the courts, and the public:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

1

*Love v. City of Lanett*, No. 3:09-cv-622-MEF, 2009 U.S. Dist. LEXIS 72494, at *1, *4 (M.D. Ala. Aug. 17, 2009).

A. **The Evidence Presented is Insufficient**

Defendant Melton presents two Exhibits that appear to be Court filings made by the Alabama Attorney General's Office regarding Defendant Joseph Binder to support the fact that there could be a criminal investigation into Defendant Melton. Defendant Melton's name is not mentioned in either Exhibit presented. (Doc. 21-1 and Doc. 21-2). Even assuming that this document refers to Defendant Melton, the two Exhibits are not supported by any evidence. The Assistant Attorney General simply states that there is a criminal investigation with no supporting evidence. There may be a criminal investigation regarding Defendant Melton, but he has not presented sufficient evidence to conclude that an investigation exists. Plaintiff's counsel has reached out to the District Attorney assigned to the case and will report anything we find to the Court.

B. **A temporary stay is unnecessary.**

This Circuit has recognized that "When a person commits a criminal act that also gives rise to a civil action, that person must necessarily decide whether to invoke the right against self-incrimination in the civil action in order to avoid consequences in a criminal case." *United States v. Lot* 5, 23 F.3d at 364. Further, "Whether the individual defendant chooses to invoke that right, and the consequences of doing so, are not important issues that involve a substantial public interest." *Id.* (internal quotations omitted). Therefore, this choice, even if a difficult one to make, will not warrant the granting of Defendant's Motion to Stay.

Defendant Melton argues that the investigation raises constitutional concerns over Defendant Melton's Fifth Amendment rights against self-incrimination. This Circuit has expressly recognized that "A blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." *Plaintiff A v. Schair*, 744 F.3d 1247, 1255 (11th Cir. 2014) (internal quotations omitted). *See United States v. Lot 5, Fox Grove, Alachua Cty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (quoting "The very fact of a parallel criminal proceeding, however, does not alone undercut [a claimant's] privilege against self-incrimination, even though the pendency of the criminal action forced [her] to choose between preserving [her] privilege against self-incrimination and losing the civil suit). Defendant Melton makes the type of blanket assertion this Circuit expressly disallows. It is therefore inappropriate to grant Defendant's motion on this basis. Defendant Melton maintains the right to plead the Fifth Amendment if he so chooses.

**C.  A stay does not serve the public interest and judicial economy.**

Defendant Melton alleges a pending criminal investigation with little supporting evidence of such. Melton also argues that "justice rushed is justice crushed", however the incident that forms the basis of this lawsuit occurred nearly a year and a half ago on January 30th, 2021. (Doc. 21 p. 8). There is no indication that any indictment is coming in this case. Mr. Moore contends this civil action is the only viable option to hold Defendants responsible for his injuries. Even taking Defendant Melton's Exhibits as true, three months have passed with no indictment.

Defendant Melton argues that he would be severely prejudiced if the case were to proceed. Defendant Melton and the other Defendants in this case are not expected to admit to wrongdoing simply because a criminal investigation has concluded. Defendant Melton and other Defendants have the right to plead the Fifth Amendment during discovery if they so choose.

Defendant Melton also argues that Plaintiff will not be prejudiced by a stay. However, if any other potential Defendants arise during discovery that were not initially plead, a stay of discovery could see Plaintiff's statute of limitations run out. Disallowing Plaintiff the opportunity to ensure he has filed against all correct and potential Defendants would surely prejudice Mr. Moore.

## CONCLUSION

Based on the reasons stated herein, Plaintiff, Ephan Moore, hereby requests this Honorable Court to deny Defendant Melton's Motion to Stay Proceedings.

Respectfully submitted,

/s/Leroy Maxwell, Jr.
Leroy Maxwell, Jr.
Maxwell & Tillman
2326 2nd Avenue North
Birmingham, AL 35203
maxwell@mxlawfirm.com
*Attorney for Plaintiff*

**Austin T. Russell**
Maxwell & Tillman
2326 2nd Avenue North
Birmingham, AL 35203
arussell@mxlawfirm.com
*Attorney for Plaintiff*

## CERTFICATE OF SERVICE

I hereby certify that on this 8th day of June 2022, I have served a copy of the foregoing on all parties by using the CM/ECF electronic filing system or by U.S. mail if the party is not registered on CM/ECF:

**Terri Olive Tompkins**
**Christian Alexandra Montgomery**
Rosen Hardwood

2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
ttompkins@rosenhardwood.com
amontgomery@rosenhardwood.com
*Attorneys for Defendant Joseph Binder*


**Albert L. Jordan**
**Mary Alexandra Underwood**
**Thomas A. McKnight, Jr.**
Wallace, Jordan, Ratliff & Brandt, LLC
800 Shades Creek Parkway, Suite 400
Birmingham, AL 35209
bjordan@wallacejordan.com
tmcknight@wallacejordan.com
brrobinson@wallacejordan.com
*Attorneys for Defendant Cordaro Melton*

**Tara Smelley Hetzel**
Alabama Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130-0152
Tara.Hetzel@alabamaag.gov