IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EPHAN MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-00219-RDP |
| | ) |
| JOSEPH BINDER, CORDARO MELTON, | ) |
| and GEOFFREY GRIFFIN, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT CORDARO MELTON'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO STAY

Defendant Sergeant Cordaro Melton ("Sergeant Melton"), by and through undersigned counsel, replies to Plaintiff Moore's Response to Sergeant Melton's Motion to Stay. In support of this, Sergeant Melton asserts the following:

**A. Sergeant Melton is One of the Correctional Officers Subject to an Active Criminal Investigation.**

While not specifically mentioned in the exhibits attached to Sergeant Melton's Motion to Stay, Sergeant Melton is one of the "other officers" mentioned who is alleged to have been involved in the physical altercation at issue. The ADOC represented to the Alabama State Personnel Board ("Board") on February 10, 2022, that these "other officers" are the subjects of an active criminal investigation by the Jefferson County District Attorney's Office and the case will go before the Grand Jury. (See Ex. A attached to Motion to Stay, Doc. 23-1). The ADOC represented to the Montgomery County Circuit Court that the criminal investigation is still pending just over three (3) months ago. (*See* Ex. B attached to Motion to Stay, Doc. 23-2). Counsel for Sergeant Melton also confirmed with counsel for ADOC that the criminal investigation is still active.

### B.     A Temporary Stay is Absolutely Necessary.

Sergeant Melton has not made a "blanket assertion" of his privilege against self-incrimination as the basis for his Motion to Stay, as Plaintiff suggests. "[A] blanket assertion of the [self incrimination] privilege is an inadequate basis for the issuance of a stay. Rather, a court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.' " *U.S. v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (citing *United States v. Kordel*, 397 U.S. 1, 12 & n. 27 (1970)). In *U.S. v. Lot 5*, relied upon by Plaintiff in his opposition, the defendant did not establish these "special circumstances" to require a stay of a forfeiture action against her during an active criminal investigation of which she was the subject. The defendant argued that her testimony in the forfeiture proceeding could "expose her[ ] to incriminating admissions that could be used in a subsequent criminal trial against her." *Id.* The Eleventh Circuit found this argument to be insufficient and also determined that the plaintiff did not show that the invocation of her Fifth Amendment privilege resulted in the civil forfeiture against her. *Id.* The court found that the plaintiff was not solely reliant on her own testimony to establish her defense to the forfeiture of her property. The court noted that the plaintiff could have called other witnesses to support her defense, such as "other participants to the illegal acts that gave rise to the forfeiture." *Id.*

In contrast, Sergeant Melton's testimony cannot be substituted by other witnesses. In the Complaint, Plaintiff makes several allegations targeted at Sergeant Melton, including that Melton "1) intended to touch Plaintiff, 2) touched Plaintiff, and 3) touched the Plaintiff in a harmful or offensive manner" on January 30, 2021. (Doc. 1, ¶ 46). Plaintiff also alleges that Sergeant Melton "negligently, recklessly, maliciously, willfully, and wantonly assaulted and battered the Plaintiff."

*Id.* at ¶ 47. Clearly, what Sergeant Melton saw, heard, understood, and contemplated, as well as how he responded to these observations and thoughts during the alleged incidents will be central issues in this civil action. This intimate knowledge is unique to Sergeant Melton and cannot be replaced through other witnesses or evidence. Without his personal testimony, Sergeant Melton's defense to a motion for summary judgment and at trial will be significantly hindered, if not outright impossible. "[T]he Fifth Amendment is violated when a person, who is a defendant in both a civil and criminal case, is forced to choose between waiving his privilege against self-incrimination or losing the civil case on summary judgment." *U.S. v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991); *U.S. v. Lot 5, Fox Grove, Alachua County, Fla.*, supra. Here, although Sergeant Melton has not been formally named as a defendant in the criminal action, the threat of prosecution looms. Therefore, Plaintiff will have the benefit of establishing his version of facts at the summary judgment and trial stage without facing any rebuttal from Sergeant Melton as he exercises his Fifth Amendment privilege. This extreme prejudice to Sergeant Melton necessitates a stay of the civil proceeding.

      **C.**    **A Stay will Serve the Public Interest and Judicial Economy.**

Plaintiff argues that there is no indication that Sergeant Melton will be indicted based on the length of time that has passed since the alleged incident on January 30, 2021. The passage of time is no guarantee that Sergeant Melton will not be indicted. As mentioned in the Motion to Stay, the Jefferson County criminal docket is known to be back-logged as a result of COVID delays suffered over the past two years. Counsel for ADOC has also confirmed that the investigation into Binder and the other officers is ongoing.

A stay would also promote a more expeditious and fair civil case for all parties, would protect the public's strong interest in the protection of the Fifth Amendment right against self-incrimination and in resolving cases on their merits, and would protect the integrity of and prevent any interference with the Jefferson County District Attorney's ordinary course of prosecuting any potential case.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendant Sergeant Cordaro Melton respectfully requests this Honorable Court enter a temporary stay of this civil action pending the resolution of the criminal investigation based on the same incident made the basis of this lawsuit.

Respectfully submitted this 10th day of June, 2022.

/s/ Thomas A. McKnight, Jr.
Albert L. Jordan
bjordan@wallacejordan.com
Thomas A. McKnight, Jr.
tmcknight@wallacejordan.com
M. Alexandra Underwood
aunderwood@wallacejordan.com
Attorneys for Defendant Cordaro Melton

**OF COUNSEL:**

**WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.**
Post Office Box 530910
Birmingham, AL 35253
Voice: (205) 870-0555
Fax: (205) 871-7534

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of June, 2022, I electronically field the foregoing Motion to Stay Proceedings with the Clerk of the Court using the CM/ECF e-filing system, which will send notification of this filing to all counsel of record. :

Leroy Maxwell, Jr.
Austin Russell
Maxwell & Tillman
2326 2nd Avenue North
Birmingham, Alabama 35203
maxwell@mxlawfirm.com
arussell@mxlawfirm.com

Richard Rice
The Rice Firm LLC
115 Richard Arrington Jr. Blvd N.
Birmingham, AL 35203

Tara S. Hetzel
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
tara.hetzel@alabamaag.gov

Terri Olive Tompkins
Christian Alexandra Montgomery
Rosen Harwood
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
ttompkins@rosenharwood.com
amontgomery@rosenharwood.com

Philip Piggott
Webster Henry
Two Perimeter Park, Suite 445 E
Birmingham, AL 35243
pgp@websterhenry.com

                                          */s/ Thomas A. McKnight, Jr.*
                                          Of Counsel