IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EPHAN MOORE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:22-cv-00219-RPD |
| JOSEPH BINDER, CORDARO MELTON, and GEOFFREY GRIFFIN, | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT BINDER'S MOTION TO STAY**

COMES NOW, Plaintiff Moore, by and through undersigned counsel, and respectfully requests this Honorable Court to deny Defendant Binder's Motion To Stay Proceedings. In support of Plaintiff's response, Plaintiff states the following:

District Courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997). Therefore, a court "should stay a civil proceeding pending resolution of a related criminal prosecution only when special circumstances so require in the interests of justice." *United States v. Lot* 5, 23 F.3d at 364. In determining whether special circumstances exist, courts consider the following six factors in balancing the interests of the parties, the courts, and the public:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Love v. City of Lanett,* No. 3:09-cv-622-MEF, 2009 U.S. Dist. LEXIS 72494, at *1, *4 (M.D. Ala. Aug. 17, 2009).

## I.     THE EXTENT TO WHICH THE ISSUES IN THE CRIMINAL CASE OVERLAP WITH THOSE PRESENTED IN THE CIVIL CASE

Defendant Binder asserts that since there is an active criminal investigation based on the same facts as this civil action, the civil action must be stayed because "there is significant overlap between the criminal investigation and this case asserting civil claims over the same incident." (Doc. 23, p. 5). However, the "common nucleus" of facts that Defendant Binder alleges would be the basis of civil discovery and would interfere with criminal proceedings such as Plaintiff Moore's injuries are undisputed. (Doc. 23, p. 5). "[S]ubstantial overlap between this civil proceeding and criminal proceedings related to Plaintiff's injuries" is not enough to grant Defendant Binder's Motion to Stay. (Doc. 23, p. 5). Also, allowing discovery in this civil suit will provide all parties opportunity to gather evidence in support of any claims and defenses and will not unduly prejudice Defendant Binder. *See generally United States v. Tison*, 780 F.2d 1569, 1573 (11th Cir. 1986). Defendant Binder has failed to meet his burden in showing there is significant overlap in disputed facts, warranting a stay under these circumstances. Further, as explained below, Defendant Binder asserts an inadequate basis for the issuance of a stay and a stay is unnecessary.

## II.     THE STATUS OF THE CASE

Defendant Binder asserts that civil proceedings should be deferred when a Defendant has been indicted. (Doc. 23, p. 6). However, Defendant Binder has not been indicted and, though criminal investigations are ongoing, there is no indication how long that investigation will proceed. As Defendant Binder notes, "the docket of the Jefferson County District Attorney's

2

Office, Bessemer Division, is known to be backlogged as a result of COVID delays suffered over the past two years." (Doc. 23, p. 6). Under these circumstances (as discussed further below), issuing a stay does nothing to help the Defendant, but delays the Plaintiff in obtaining relief.

## III.     THE PRIVATE INTERESTS OF THE PLAINTIFF

Plaintiff Moore has the right to pursue civil proceedings against Defendant Binder in this matter. Defendant Binder argues that Plaintiff Moore will not be prejudiced by a stay. However, if other potential Defendants arise during discovery that were not initially plead, a stay could allow Plaintiff Moore's statute of limitations to run out. Disallowing Plaintiff the opportunity to ensure he has filed against all correct and potential Defendants would severely prejudice Mr. Moore. Even if other Defendants are not found, denying Plaintiff Moore a timely opportunity to pursue relief is unreasonable.

## IV.     THE PRIVATE INTERESTS OF AND BURDEN ON THE DEFENDANTS

Defendant Binder further argues that a stay should be issued because the "civil proceeding might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." (Doc. 23, p. 6) (internal quotations admitted). Though Defendant Binder fails to support these allegations, Plaintiff Moore notes that this Circuit has expressly stated that "[a] blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." *Plaintiff A v. Schair,* 744 F.3d 1247, 1255 (11th Cir. 2014) (internal quotations omitted). Further, Plaintiff Moore is not attempting to expand the scope of discovery or prejudice the case; rather, he is simply exercising his right to discovery in the civil proceeding.

3

Defendant Binder also argues that "[g]iven the imminent Grand Jury proceedings, it is impossible for Binder to meaningfully participate in discovery [because] to do so would raise serious issues concerning Binder's invocation of the Fifth Amendment privilege against self-incrimination." (Doc. 23, p. 7). Again, "[a] blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." *Plaintiff A v. Schair,* 744 F.3d 1247, 1255 (11th Cir. 2014) (internal quotations omitted). If this is the only argument Defendant Binder can offer to show he will be unduly prejudiced, his argument is insufficient. A stay is not necessary.

## V.    THE INTERESTS OF THE COURT

"[W]hen discovery is delayed or prolonged, it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997). Because Defendant Binder has failed to substantiate his claims that a stay is warranted and because delaying discovery would only impede the interest of the Court, a stay should not be issued.

## VI.    THE PUBLIC INTEREST

Issuing a stay does not serve public interest. This civil action may be the only viable option to hold Defendants responsible for the actions against Plaintiff Moore. Again, as Defendant Binder points out in his Motion, "[a]lthough the incident happened over a year ago, the docket of the Jefferson County District Attorney's Office, Bessemer Division, is known to be back-logged as a result of COVID delays suffered over the past two years." (Doc. 23, p. 6). Under these circumstances, continuing to delay Plaintiff Moore the opportunity to continue his civil suit would be unjust and contribute to further delays.

4

## CONCLUSION

Based on the reasons stated herein, Plaintiff Ephan Moore, hereby requests this Honorable Court to deny Defendant Melton's Motion to Stay Proceedings.

*/s/Leroy Maxwell, Jr.*
Leroy Maxwell, Jr.
Attorney for Plaintiff

*/s/ Austin T. Russell*
*Austin T. Russell*
Attorney for Plaintiff

**OF COUNSEL:**
**Maxwell & Tillman**
2326 2nd Avenue North
Birmingham, AL 35203
Phone: 205-216-3304
maxwell@mxlawfirm.com
arussell@mxlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2022, I have served a copy of the foregoing on all parties by using the CM/ECF electronic filing system or by U.S. mail if the party is not registered on CM/ECF:

**Terri Olive Tompkins**
**Christian Alexandra Montgomery**
Rosen Hardwood
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
ttompkins@rosenhardwood.com
amontgomery@rosenhardwood.com
*Attorneys for Defendant Joseph Binder*

5

**Albert L. Jordan**
**Mary Alexandra Underwood**
**Thomas A. McKnight, Jr.**
Wallace, Jordan, Ratliff & Brandt, LLC
800 Shades Creek Parkway, Suite 400
Birmingham, AL 35209
bjordan@wallacejordan.com
tmcknight@wallacejordan.com
brrobinson@wallacejordan.com
*Attorneys for Defendant Cordaro Melton*

**Tara Smelley Hetzel**
Alabama Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130-0152
Tara.Hetzel@alabamaag.gov

*/s/Leroy Maxwell, Jr.*
Leroy Maxwell, Jr.
