FILED
2022 Jun-14  PM 12:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| EPHAN MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22-CV-00219-RDP |
| | ) | |
| JOE BINDER, | ) | |
| CORDARO MELTON, and | ) | |
| GEOFFREY GRIFFIN, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT BINDER'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO STAY

Defendant Joe Binder ("Binder"), through his undersigned counsel, and in reply to the Plaintiff's response (Doc. 26) to Binder's Motion to Stay (Doc. 23), adopts the Reply filed by Defendant Melton on June 10, 2002 (Doc. 25). In addition to the arguments made by Defendant Melton, Defendant Binder asserts that the harm to him if the Court denies a stay of this case while a criminal investigation is ongoing would greatly outweighs any prejudice to the Plaintiff.  A stay will not prejudice the Plaintiff as he seeks only monetary relief and is now housed at a different facility than where the alleged incident occurred.  Issuing a stay in a civil proceeding during a criminal investigation but when no indictment has been returned is within this Court's inherent powers. See S.E.C. v. Healthsouth Corp., 261 F.Supp.2d 1298, 1327 (N.D. Ala. 2003).

The Plaintiff appears to argue that the facts in this matter, and in a criminal investigation, are undisputed. (Doc. 26, p. 2). That is not what Binder has asserted, and there is no way for the parties to know if the facts are undisputed until discovery is conducted in the civil case. The facts alleged in the civil case do, however, overlap significantly with any facts that would be the basis

1

of a criminal investigation, and this is the most important factor in deciding whether to stay this case. It is not possible for this Defendant to participate in discovery in this case and not affect his Fifth Amendment rights regarding potential criminal charges.

The Plaintiff argues that he would be prejudiced if the statute of limitations runs in this case before discovery is conducted so that he can ensure that he has named "all correct and potential Defendants." (Doc. 26, p. 3). This Court can address this concern of the Plaintiff while the case is stayed and still protect the Fifth Amendment rights of Defendant Binder. A stay will protect a more fair and judicially-efficient trial for all parties, protect the Defendants' Fifth Amendment rights, allow the criminal investigation to be completed, and will not prejudice the Plaintiff.

For the reasons in Binder's Motion to Stay, Defendant Melton's Reply, and this Reply, Defendant Binder respectfully requests that this Court enter a temporary stay of this action until the criminal investigation based on the same incident is complete.

Respectfully submitted,

TERRI OLIVE TOMPKINS
CHRISTIAN ALEXANDRA MONTGOMERY

*/s/ TERRI OLIVE TOMPKINS*
Attorneys for Defendant Joe Binder
Rosen Harwood, P.A.
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
Telephone: (205) 344-5000
ttompkins@rosenharwood.com
amontgomery@rosenharwood.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing pleading or paper has been served upon:

Leroy Maxwell, Jr.
Austin Russell
Maxwell & Tillman
2326 2nd Avenue North
Birmingham, AL 35203

Richard Rice
The Rice Firm, LLC
420 20th Street North Suite 2200
Birmingham, AL 32503

Tara S. Hetzel
Deputy Attorney General
Office of the Attorney General
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130

Albert L. Jordan
Thomas A. McKnight, Jr.
M. Alexandra Underwood
Wallace, Jordan, Ratliff & Brandt, LLC
800 Shades Creek Parkway Suite 400
Birmingham, AL 35209

on this 14th day of June 2022, by electronically filing, delivering a copy to each, by mailing a copy to each by first class United States Mail, postage prepaid, addressed to them at their last known address or, if no address is known, by leaving it with the Clerk of this Court.

*<u>/s/ TERRI OLIVE TOMPKINS</u>*
Attorney for Defendant Joe Binder